UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KYLE FREISTAT,

                Plaintiff,

    - against -

NEW YORK POLICE DEP'T.; DEPT. OF
CORRECTION; DEP'T. OF JUSTICE; DANIEL
GASPERETTI; and ANTHONY ARLISTICO,

                Defendants.[1]
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-5870 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff Kyle Freistat, currently incarcerated at the Brooklyn Detention Complex, brings this *pro se* action under 42 U.S.C. § 1983, alleging the use of excessive force. By order dated September 27, 2017, the United States District Court for the Southern District of New York transferred the action to this Court. (*See* Transfer Order (Doc No. 4).) Freistat's request to proceed *in forma pauperis* is granted for the purposes of this Order. For the reasons set forth below, Freistat's claims against the New York City Police Department ("NYPD"), the New York City Department of Correction ("DOC"), and the Department of Justice are dismissed. 28 U.S.C. § 1915A. Freistat's claims against Officers Daniel Gasperetti and Anthony Arlistico will proceed once the Corporation Counsel provides the addresses where the defendants may be served.

## BACKGROUND

    The following facts are drawn from Freistat's complaint and are taken as true for the purposes of this Order. Freistat alleges that on July 26, 2017, his constitutional rights were violated when defendants Gasperetti and Arlistico stopped the vehicle that he was driving, and used excessive force against him. Freistat alleges that he sustained injuries to his face, skull,

---

[1] The Court notes that although Freistat failed to include defendants Daniel Gasperetti and Anthony Arlistico in the caption of his complaint, he did name these individuals in the body of the complaint.

torso, and legs. (Compl. (Doc. No. 2) at 5).[2] Freistat seeks monetary damages.

## STANDARD OF REVIEW

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*

## DISCUSSION

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir.1994) (internal citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 "does not create a

---

[2] All citations to pages of the complaint refer to the Electronic Court Filing System ("ECF") pagination.

federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris–Hayes v. Board of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter Ch. 17 § 396. The DOC and the NYPD are agencies of the City of New York and thus lack the capacity to be sued. *See, e.g., Jenkins v. City of N.Y.*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (find that the NYPD is not a suable entity); *Perez v. City of New York Dept. of Corrections*, No. 16-CV-5307 (BMC) (LB), 2016 WL 5477598, at *2 (E.D.N.Y. Sept. 29, 2016) (dismissing claims against DOC because it is a non-suable entity); *Reyes v. City of New York*, No. 16-CV-823 (WFK), 2016 WL 1588503, at *2 (E.D.N.Y. Apr. 18, 2016) (NYC departments and agencies lack the capacity to be sued). Accordingly, Freistat's claim against the DOC and the NYPD are dismissed. *See* 28 U.S.C. § 1915A.

Further, although Freistat names as a defendant the "Department of Justice for wrongfully accusing me," he pleads no factual allegations in support of his claim. Accordingly, Freistat's claim against the Department of Justice is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A.

## CONCLUSION

Accordingly, Freistat's claims against the New York City Police Department, the New York City Department of Correction, and the Department of Justice are dismissed. *See* 28 U.S.C. § 1915A. No summons shall issue as to these defendants.

In accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court hereby orders that within 45 days of this Order, the Corporation Counsel of the City of New York shall ascertain the shield numbers and provide the addresses where Officers Daniel Gasperetti and Anthony Arlistico can currently be served.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court respectfully directs the Clerk of Court to mail a copy of this Memorandum and Order to Kyle Freistat, *pro se*, and to note the mailing on the docket.

SO ORDERED.

s/Roslynn R. Mauskopf

ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
   Oct. 25   2017