UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------*

KYLE FREISTAT

                PLAINTIFF,

  __AGAINST__

DANIEL GASPERETTI et al.,

                DEFENDANTS.         17-CV-5870(RMm)(LB)

------------------------------------------*



    THE HONORABLE LOIS BLOOM
    UNITED STATES MAGISTRATE JUDGE.

PURSUANT TO RULES 26,33,and 34 of the federal rules of civil procedure, defendants daniel gasperetti and anthony arlistico,and not excluded the LAW DEPARTMENT,AND CLIEANT COUNSEL.SAMANTHA R.MILLAR.,DID NOT AS OF YET RESPONEDED TO ANY OF PLAINTIFFS,request fot production of documents.even affter the last phone confrence,that we had,i still as have yet to get a copy of,defendants.,.medical treatments or reckords for july 26,2017.... infact i did not get nothing i ask the law deppartment for up on till this day,the only thing i recieved from them after the phone confrence was an OBJECTION RESPONSE TO DOCUMENTS REQUEST,NO:1,to,12,,PLEASE YOUR HONOR IF YOU CAN LOOK IN TO THIS MATTER FOR ME,FOR TIME IS OF THE ESSENCE,FOR IT SEEM,S TO ME AS IF THE LAW DEPPARTMENT AS KNOW INTENTION OF EVER GIVEING ME ACCESSE TO THESE DOCUMENTS,THE MEDICAL RECORDS FOR THE DEFENDANTS,ARE VERY IMPORTTANT FACTORS IN THIS MATTER IT CAN ON WILL SHOW,NOT JUST YOU BUT. EVERYONE THAT THE DEFENDANTS,WAS NEVER BEING DRAGED BY THE CAR AT ANY POINT THIS IS WHY THEY DONT WANT FOR ME TO HAVE THIS INFORMATION,THANK YOU FOR YOUR TIME,AND FOR YOUR ANDERSTANDING,GOD BLEES AND KEEP YOU STRONG..

                                                RESPECTFULLY,JOEL.BURNETT,AKA,K,FREISTAT.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------*

KYLE FREISTAT

                       PLAINTIFF,

  _AGAINST_

DANIEL GASPERETTI et al.,

                     DEFENDANTS.          17-CV-5870(RMm)(LB)
------------------------------------------*

       THE HONORABLE LOIS BLOOM
       UNITED STATES MAGISTRATE JUDGE.

PURSUANT TO RULES 26,33,and 34 of the federal rules of civil procedure, defendants daniel gasperetti and anthony arlistico,and not exclueded the LAW DEPARTMENT,AND CLIEANT COUNSEL.SAMANTHA R.MILLAR.,DID NOT-AS OF YET RESPONEDED TO ANY OF PLAINTIFFS,request fot production of documents.even affter the last phone confrence,that we had,i still as have yet to get a copy of,defendants.,.medical treatments or reckords for july 26,2017.... infact i did not get nothing i ask the law deppartment for up on till this day,the only thing i recieved from them after the phone confrence was an OBJECTION RESPONSE TO DOCUMENTS REQUEST,NO:1,to,12,,PLEASE YOUR HONOR IF YOU CAN LOOK IN TO THIS MATTER FOR ME,FOR TIME IS OF THE ESSENCE,FOR IT SEEM,S TO ME AS IF THE LAW DEPPARTMENT AS KNOW INTENTION OF EVER GIVEING ME ACCESSE TO THESE DOCUMENTS,THE MEDICAL RECORDS FOR THE DEFENDANTS,ARE VERY IMPORTTANT FACTORS IN THIS MATTER IT CAN ON WILL SHOW,NOT JUST YOU BUT. EVERYONE THAT THE DEFENDANTS,WAS NEVER BEING DRAGED BY THE CAR AT ANY POINT THIS IS WHY THEY DONT WANT FOR ME TO HAVE THIS INFORMATION,THANK YOU FOR YOUR TIME,AND FOR YOUR ANDERSTANDING,GOD BLEES AND KEEP YOU STRONG..

                                            RESPECTFULLY,JOEL.BURNETT,AKA,K,FREISTAT.

1. A Copy to The Defendants Responses Are in This Letter, for You to See, Your "Honor"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

KYLE FREISTAT,

                            Plaintiff,

-against-

DANIEL GASPERETTI et al.,

                            Defendants.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S "OTHER DISCLOSURES NEEDID [SIC] PURSUANT TO F.R.C.P. 26(a) & 30(a) 31"

17-CV-5870 (RMM) (LB)

------------------------------------------------------------x

       Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, defendants Daniel Gasperetti and Anthony Arlistico hereby respond and object to "Defendants' Other Disclosures Needid [sic] Pursuant to F.R.C.P. 26(a) & 30(a) 31" as follows:

## GENERAL STATEMENT

       1.    By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

       2.    Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

### SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

Police medical treatments and reports on [unintelligible] of on 2017 July 26.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendants object to Document Request No. 1 on the grounds that it is unintelligible, as it is impossible to discern from this request what information is sought and from what sources, it is vague and ambiguous as to what is mean by "medical treatments and reports," it is not sufficiently limited in time and scope, and to the extent that it seeks information not relevant or proportional to the needs of the case considering the amount in controversy, and the importance of the discovery in resolving the issues. Notwithstanding, and without waiving or in any way limiting these specific objections, and construing this request to seek the Medical Treatment of Prisoner form created by the NYPD related to plaintiff's arrest on July 26, 2017, plaintiff is referred to the document previously produced on June 6, 2019 bearing Bates Stamp No. D 00103 (Medical Treatment of Prisoner form for Plaintiff, dated July 27, 2017).

**DOCUMENT REQUEST NO. 2:**

Police officers loges [sic] book's notes! I still did not receive them as yet.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

*See* Defendants' Objection and Response to Document Request No. 5 in Defendants' Responses and Objections to Plaintiff's Interrogatories and Request for Production of Documents, dated September 23, 2019, and the documents annexed thereto bearing Bates Stamp Nos. D 00241-00242 (Relevant Memobook Entry for defendant Daniel Gasperetti) and Bates Stamp Nos. D 00243-00244 (Relevant Memobook Entry for defendant Anthony Arlistico).

2

**DOCUMENT REQUEST NO. 3:**

Reports of radio calls concerning the incident of July 26, 2017.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to Document Request No. 3 on the grounds that it is vague and ambiguous as to what is meant by "radio calls," it is not sufficiently limited in time and scope, on the grounds it assumes facts not established, i.e. that "radio calls" related to the incident that is the subject of this litigation exist, and on the grounds that it is not relevant or proportional to the needs of the case considering the amount in controversy and the importance of the discovery in resolving the issues. Notwithstanding, and without waiving or in any way limiting these specific objections, and construing this request to seek the Sprint report(s) related to plaintiff's July 26, 2017 arrest, defendants state that they are searching for responsive information and will supplement this response within 30 days, if applicable.

**DOCUMENT REQUEST NO. 4:**

Mug shots and other photographs of the defendants related to ingeries [sic] of on July 26, 2017.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants object to Document Request No. 4 on the grounds that it is vague and ambiguous as to what is meant by "mug shots," it is not sufficiently limited in time and scope, it assumes facts not established, i.e. that "mug shots and other photographs" were taken of defendants and/or any injuries they sustained as a result of the incident on July 26, 2017, and to the extent that it seeks information not relevant or proportional to the needs of the case considering the amount in controversy, and the importance of the discovery in resolving the issues. Notwithstanding, and without waiving or in any way limiting these specific objections,

3

defendants state that, upon information and belief, there are no documents responsive to this request.

DOCUMENT REQUEST NO. 5:

Photographs, diagrams, and memoranda relating to the physical scene.

OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:

Defendants object to Document Request No. 5 on the grounds that it is vague and ambiguous as to what is meant by "memoranda" and "physical scene," it is not sufficiently limited in time and scope, it assumes facts not established, i.e. that "photographs, diagrams, and memoranda" of the scene on July 26, 2017 exist, and on the grounds that it is not relevant or proportional to the needs of the case considering the amount in controversy, and the importance of the discovery in resolving the issues. Defendants also object to the extent that this information is equally available to plaintiff since he was present on the "physical scene," and to the extent that this request seeks information that is not in defendants' custody, possession, and/or control, and is in the control of third parties to this action. Notwithstanding, and without waiving or in any way limiting these specific responses, defendants refer plaintiff to the article by the New York Daily News, dated July 29, 2017, entitled "Armed man cuffed for driving through stop signs, dragging cop down Queens street," available at: https://www.nydailynews.com/new-york/queens/armed-man-cuffed-speeding-dragging-queens-street-article-1.3366657. Further, defendants are searching for responsive information and will supplement this response within 30 days, if applicable.

DOCUMENT REQUEST NO. 6:

A detective's summary of the incident.

4

OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:

Defendants object to Document Request No. 6 on the grounds that it unintelligible, as it is impossible to discern from this request what information is sought and from what sources, it is vague and ambiguous as to what is meant by "detective's summary," it is not sufficiently limited in time and scope, and to the extent that it seeks information not relevant or proportional to the needs of the case considering the amount in controversy, and the importance of the discovery in resolving the issues. Defendants further object on the grounds that neither defendant in this action was a detective on the date of incident, and on the grounds that, upon information and belief, this incident was not investigated by any NYPD detective squad and therefore a "detective's summary" for this incident does not exist.

DOCUMENT REQUEST NO. 7:

Results of polygraph tests if eny [sic] of officers.

OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:

Defendants object to Document Request No. 7 on the grounds that it is not sufficiently limited in time and scope, it is overbroad in that it requests the "results of polygraph tests" of officers without limitation, it assumes facts not established, i.e. that "results of polygraph tests of…officers" exist, and to the extent it is not relevant to any of the claims asserted in the pleadings or proportional to the needs of the case considering the amount in controversy, and the importance of the discovery in resolving the issues. Notwithstanding, and without waiving or in any way limiting these specific objections, defendants state that, upon information and belief, there are no documents responsive to this request.

DOCUMENT REQUEST NO. 8:

PD 439_149. Police officers activity reports and profile.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

*See* Defendants' Objection and Response to Document Request No. 4 in Defendants' Responses and Objections to Plaintiff's Interrogatories and Request for Production of Documents, dated September 23, 2019.

**DOCUMENT REQUEST NO. 9:**

All UF_61s and UF 250.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

*See* Defendants' Objection and Response to Document Request No. 13 in Defendants' Responses and Objections to Plaintiff's Interrogatories and Request for Production of Documents, dated September 23, 2019.

**DOCUMENT REQUEST NO. 10:**

PD 306_101 Detective Individual Case Log Reports.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendants object to Document Request No. 10 on the grounds that it unintelligible, as it is impossible to discern from this request what information is sought and from what sources, it is vague and ambiguous as to what is meant by "PD 306_101" and "Detective Individual Case Log Reports," it is not sufficiently limited in time and scope, and to the extent that it seeks information not relevant or proportional to the needs of the case considering the amount in controversy, and the importance of the discovery in resolving the issues. Defendants further object on the grounds that neither defendant in this action was a detective on the date of incident, and on the grounds that, upon information and belief, this incident was not investigated by any NYPD detective squad and therefore "Detective Individual Case Log Reports" for this incident do not exist.

6

**DOCUMENT REQUEST NO. 11:**

All DD5 and Subsequent Follow-up Reports.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

*See* Defendants' Objection and Response to Document No. 10 in Defendants' Responses and Objections to Plaintiff's Interrogatories and Request for Production of Documents, dated September 23, 2019.

**DOCUMENT REQUEST NO. 12:**

PD 22_141 Arrest Information Reports.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

*See* Defendants' Objection and Response to Document No. 14 in Defendants' Responses and Objections to Plaintiff's Interrogatories and Request for Production of Documents, dated September 23, 2019.

Dated:   New York, New York
         October 31, 2019

GEORGIA M. PESTANA
Acting Corporation Counsel of the
  City of New York
*Attorney for Defendants Gasperetti and Arlistico*
100 Church Street, Room 3-220
New York, New York 10007
(212) 356-3156

By: *[signature]*
    Samantha R. Millar
    *Assistant Corporation Counsel*
    *Special Federal Litigation Division*

To:  Joel Burnett (via first-class mail)
     Plaintiff *Pro Se*
     DIN: 19-A-1353
     Great Meadow Correctional Facility
     11739 State Route 22, P.O. Box 51
     Comstock, NY 12821-0051