**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Mitchell A. Karlan
Direct: 212.351.3827
Fax: 212.351.5254
MKarlan@gibsondunn.com

September 9, 2022

VIA ECEF

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Joel Burnett v. Daniel Gasperetti, et al.*, 17-CV-05870 (RPK)(LB*)*

Dear Judge Rachel P. Kovner:

I and several of my colleagues will be filing notices of appearance today as counsel for the previously *pro se* Plaintiff Joel Burnett in this action.

I am writing pursuant to Individual Rule IV.A, to request a pre-motion conference to address several matters, which I discuss briefly below.

First, we wish to amend the Complaint to name two additional defendants. While we are still getting up to speed on the facts, our review of the record indicates that two police officers assaulted Mr. Burnett in his hospital room following his arrest on July 26, 2017. Mr. Burnett described these events in this *pro se* complaint and testified about them at the two sessions of his deposition. Because he had no way of identifying either officer, he did not name them as defendants in this action. We believe that the City knows or can learn the identity of these two assailants, and we wish to serve interrogatories forthwith to learn their identities.

Pursuant to Federal Rule of Civil Procedure 15(a), the court should "freely give leave [to amend a complaint] when justice so requires." This rule applies with special force to a *pro se* litigant, who "should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir.1984).

We respectfully suggest that the interests of justice support granting leave for Mr. Burnett to file an amended Complaint to add at least these two defendants. Mr. Burnett has been representing himself *pro se* since he filed the Complaint on September 19, 2017. Given that Mr. Burnett drafted the Complaint without assistance of counsel, we believe that amending the Complaint to add these additional defendants, and any additional pertinent allegations, would be in the interest of justice. There is no element of surprise as Defendants have long had notice of Mr. Burnett's allegations.

**GIBSON DUNN**

The Honorable Rachel P. Kovner
September 9, 2022
Page 2

      Second, while we are well aware of the trial date in this action, we wish to move the court for an adjournment to permit the amendment described above and to permit the new defendants adequate time to prepare for trial.  Even if Your Honor denies the motion to amend, as new counsel for a previously *pro se* plaintiff, we wish to present expert testimony concerning what appear to be neurological and psychological damages Mr. Burnett has suffered.  We need some reasonable time to find an expert, to arrange for examinations, and to prepare a report.  In addition, as this is a jury trial, we request reasonable time to prepare motions in limine concerning Mr. Burnett's background and record.

      We are available for a pre-motion conference at Your Honor's convenience.


Respectfully,

  */s/ Mitchell A. Karlan*
Mitchell A. Karlan

cc: All counsel of record (via CM/ECF)