**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Mitchell A. Karlan
Direct: 212.351.3827
Fax: 212.351.5254
MKarlan@gibsondunn.com

September 14, 2022

VIA ECEF

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Joel Burnett v. Daniel Gasperetti, et al.*, 17-CV-05870 (RPK)(LB*)*

Dear Judge Kovner:

In accordance with Your Honor's September 9, 2022 order, I respectfully submit this letter as plaintiff Joel Burnett's motion (1) for leave to amend his complaint to add as Doe defendants two additional NYPD officers who were involved in the assault against him, (2) to require the City identify those two officers, and (3) to adjourn the trial date and re-set pretrial deadlines to allow those officers time to prepare for trial.

*Relevant Factual Background*

On July 26, 2017, Mr. Burnett was assaulted by at least two NYPD officers both during and after a traffic stop that resulted in his arrest. Following the arrest, Mr. Burnett was beaten further by NYPD officers as he lay handcuffed on the ground and then in his hospital room. Together, these officers trampled, strangled, and beat Mr. Burnett, resulting in abrasions on his face and right arm, and sprains of his right hand and right ankle. These assaults left Mr. Burnett so weakened that he was unable to stand at his arraignment without the support of court personnel. As a result of the defendants' use of excessive force against him, Mr. Burnett has sustained serious injuries to his face, skull, torso, and lower body that have required medical treatment.

*Procedural Background*

Less than two months after this traumatic incident, Mr. Burnett filed this action *pro se* stating claims under 42 U.S.C. § 1983 against NYPD officers Daniel Gasperetti and Anthony Arlistico for the injuries he sustained as a result of their use of excessive force against him in violation of his constitutional rights. While Mr. Burnett's complaint clearly alleges that the abuse he suffered "continued in the precinct and hospital [without] the benefit of counsel," Mr. Burnett did not know the identity of all officers who had violated his rights at the time he filed his action and thus was unable to name those officers in his complaint.

GIBSON DUNN

The Honorable Rachel P. Kovner
September 14, 2022
Page 2

Since filing suit, Mr. Burnett has worked diligently to pursue his claims, despite his lack of legal training, including sitting for two sessions of his deposition and successfully opposing in part defendants' motion for summary judgment. During the pendency of this case, the matter has been reassigned three times. Additionally, the fact discovery cutoff has been continued three times—each time at the request of defendants.

Mr. Burnett has twice requested that the Court appoint him counsel. The first request was made in June 2019 and denied shortly thereafter. Mr. Burnett again requested appointment of counsel on July 27, 2022. Shortly after the second request, Magistrate Judge Bloom, asked me to represent Mr. Burnett. I promptly arranged a telephone interview with Mr. Burnett and reviewed the record on a highly expedited basis. Based on my discussion with Mr. Burnett and review of relevant documents, I agreed to represent Mr. Burnett for his trial in this matter. (We have deferred for another day the question whether we will represent plaintiff in an appeal from the summary judgment order).

*Legal Argument*

While Mr. Burnett alleges in his complaint that the assault he suffered at the hands of the NYPD continued after he was arrested and during his time in the hospital by unidentified officers, Mr. Burnett mistakenly omitted those unknown officers from his complaint due to his lack of legal training and because the inmate complaint form he filled out did not provide instructions for naming unidentified defendants. The Court should grant Mr. Burnett leave to add as "John Doe" defendants the officers who assaulted him in the hospital and require the City to identify those officers, to avoid injustice against Mr. Burnett.

Federal Rule of Civil Procedure 15(a)(2) dictates that leave to amend must be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). In particular, "[a] *pro se* plaintiff, particularly one bringing a civil rights action, should be afforded an opportunity fairly freely to amend his complaint." *Holmes v. Goldin*, 615 F.2d 83, 85 (2d Cir. 1980). While *pro se* parties must comply with the rules of civil procedure, courts "must make reasonable allowances so that a *pro se* plaintiff does not forfeit his rights by virtue of [his or] her lack of legal training." *Warren v. Fischl*, 33 F. Supp. 2d 171, 175 (E.D.N.Y. 1999) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Even the most cursory review of the complaint and the transcript from Mr. Burnett's depositions makes plain that Mr. Burnett was seriously injured at the hospital and intended to raise those injuries as part of this action. Specifically, Mr. Burnett testified under oath at his deposition that he was "choked," but that before he was choked, "the neck brace was ripped off my neck. I had fingers pressed in my wound. I got slapped up in the face. I got choked out after the neck brace came off. They basically came there [to the hospital] to kill me." Burnett Depo. Tr. at 248:17–18.

Although Mr. Burnett did not know the identity of the two assailants, he described their conduct in the complaint, and he made it clear during his depositions that the officers who assaulted him

The Honorable Rachel P. Kovner
September 14, 2022
Page 3

in the hospital "didn't have their badge out" and "didn't have no name on." Burnett Depo. Tr. at 249:13–15. Despite these allegations, it does not appear that the City identified these officers to Mr. Burnett or produced them for deposition in this matter.

Leave to amend is further justified because Mr. Burnett's claims against the two unidentified officers who assaulted him in his hospital room are not barred by the three year statute of limitations for claims under section 1983. Rather, under Rule 15(c), Mr. Burnett's claims against those officers relate back to his original complaint.[1] For example, in *Gonzalez v. Officer in Charge of Barber Shop on Duty on May 13, 1999*, the court granted an incarcerated plaintiff's motion to amend the complaint to add a defendant after finding that the plaintiff's claim against the additional defendant related back to the original complaint under Rule 15(c). 2000 WL 274184, at *4. The court emphasized that "the failure of a *pro se* plaintiff to amend 'John Doe' pleadings within the limitations period because of an inability to discover the officers' names, or simply because plaintiff did not know, and was not instructed by the court, that he needed to name the individual defendants" did not warrant dismissal for amending beyond the limitations period. *Id.* Similarly, in *Mosley v. Jablonsky*, 209 F.R.D. 48 (E.D.N.Y. 2002), the court allowed the plaintiff to amend his complaint to add three additional defendants, seven years after the lawsuit was commenced, because the plaintiff "was not aware that he needed to list individuals in the caption of his complaint, nor that he needed to make certain allegations about municipal defendants." *Id.* at 52. As in these cases, the Court should allow Mr. Burnett leave to name all of the officers who used excessive force against him so that he may fully prosecute his claims against them.

In addition to granting Mr. Burnett leave to amend, the Court should also order the NYPD to quickly identify the two additional officer defendants so that Mr. Burnett may properly name them in his complaint and pursue his claims against them. As multiple courts have recognized, "a district court has a duty to assist *pro se* plaintiffs in ascertaining the identities of defendants, particularly where, as is apparently the case here, the plaintiff is incarcerated and cannot carry out a full pretrial investigation." *Gonzalez v. Officer in Charge of Barber Shop on Duty on May 13, 1999*, 2000 WL 274184, at *4 (S.D.N.Y. Mar. 13, 2000) (citing *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997) (noting that "appellate courts have found error in a trial court's refusal to assist a *pro se* plaintiff in identifying a defendant[,] . . . particularly so where the plaintiff is incarcerated, and is thus unable to carry out a full pre-trial investigation.")). Like the inmate plaintiff in *Gonzalez*, Mr. Burnett has been incarcerated for the entire pendency of this litigation and lacks the resources of a typical litigant. He should not be barred from pursuing his meritorious claims when it is within this Court's powers to aid him in his pursuit of justice.

---

[1] Under Rule 15(c), an amended complaint that adds a new defendant relates back to the date of the original if (1) the claims arise out of the same conduct or occurrences set forth in the original pleading; (2) within the time provided by Rule 4(m), the new party has received notice of the action such that it will not be prejudiced in its defense; and (3) the new party knew or should have known that, but for a mistake concerning the identity of the party, the action would have been brought against the party. *See* Fed. R. Civ. P. 15(c).

GIBSON DUNN

The Honorable Rachel P. Kovner
September 14, 2022
Page 4

Finally, while trial is currently scheduled for October 19, 2022, that should not dissuade the Court from granting Mr. Burnett the leave he requests. Courts have granted *pro se* plaintiffs the opportunity to amend even when the request was made "after the court has entered judgment dismissing his original complaint." *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984). In any event, any prejudice the newly named defendants might suffer can be mitigated through a limited adjournment of the current trial date to allow those officers time to prepare for trial and to allow Mr. Burnett to take their depositions. On the other hand, denying Mr. Burnett leave to amend would be highly prejudicial to his ability to vindicate his rights.

For the reasons stated above, we respectfully ask that Your Honor consider granting Mr. Burnett—a previously *pro se* litigant—leave to amend his complaint to ensure that he is "afforded every reasonable opportunity to demonstrate that he has a valid claim." *Id*.

We are available for a pre-motion conference at Your Honor's convenience.


Respectfully,

  */s/ Mitchell A. Karlan*
Mitchell A. Karlan

cc: All counsel of record (via CM/ECF)