

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**MORGAN C. MCKINNEY**
*Senior Counsel*
Phone: (212) 356-2012
Fax: (212) 356-3558
Email: mmckinne@law.nyc.gov

September 20, 2022

VIA E.C.F.
Honorable Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Joel Burnett a.k.a. Kyle Freistat v. Detective Gasperetti, et al.,
               17 CV 05870 (RPK) (LB)

Your Honor:

      I am the Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants Detective Gasperetti and Officer Arlistico in the above-referenced matter. Defendants write in opposition to Plaintiff's September 14, 2022 motion seeking leave to amend the Complaint to add two currently unidentified officers as defendants in this matter and to adjourn the October 19, 2022 trial date for that reason. (See Civil Dkt. No. 144, "Plaintiff's Motion"). Plaintiff's Motion should be denied as untimely and barred by the statute of limitations.

**I.**      **Relevant Procedural Background**

      Over five years ago, on September 19, 2017, plaintiff filed his Complaint in this matter. (Civil Dkt. No. 2). Plaintiff named two individual defendants in his Complaint: Detective Daniel Gasperetti and Officer Anthony Arlistico. (See Id. at p. 3). Despite a section on plaintiff's form complaint requesting that he list each intended defendant and provide "other identifying information" for any unknown defendant, plaintiff did not list or attempt to identify any "John Doe" officers in his Complaint; nor did plaintiff assert any specific allegations of misconduct by any unidentified officers while being treated at the hospital or otherwise. (See Id., generally). In fact, plaintiff made absolutely no mention of a physical assault occurring at the hospital. (Id. at p. 4).

Furthermore, throughout the course of this heavily litigated five-year matter, plaintiff made no attempt to request the identity of the two "John Doe" officers who he alleges assaulted him at the hospital. (See Civil Dkt., generally). Discovery closed in this matter on March 20, 2020, over two years ago (with the exception of a limited extension to depose plaintiff due to scheduling issues). (See Civil Dkt. No. 79, Court Order dated February 6, 2020). At no time during the dispositive motion practice that ensued or before Plaintiff's September 14th Motion, filed on the eve of trial, did Plaintiff raise the issue of the identification of these two officers.

Instead, on April 25, 2022, plaintiff moved the Court to amend his complaint to add Jamacia Hospital as a defendant in this matter, noting an interest in suing his doctors for allegations of medical malpractice. (See Civil Dkt. No. 121). On April 27, 2022, the Court denied Plaintiff's April 25, 2022 Motion to Amend, ruling:

> Plaintiff's motion to amend his complaint is denied. The period for amendment as a matter of course under Federal Rule of Civil Procedure 15(a)(1) has long since passed, as defendants filed their answer in 2018. See Answer (Dkt. #29) (dated April 16, 2018); Fed. R. Civ. P. 15(a)(1). Moreover, plaintiff has not indicated that defendants consent to amendment as required under Rule 15(a)(2). See Mot. to Amend. Nor is amendment in the interest of justice, because amending now would unduly prejudice defendants. Under Rule 15(a)(2), a court may deny a motion to amend at its discretion if amendment causes undue delay, undue prejudice to the opposing party, is futile, or is sought in bad faith. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). 'Undue prejudice arises when an amendment comes on the eve of trial and would result in new problems of proof,' Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008) (brackets and quotations omitted), because amendment would 'significantly delay the resolution of the dispute,' id. at 192 (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)). Such is the case here. The case has entered its fifth year of litigation, the parties have already been through discovery and summary judgment, and trial is now scheduled in a few months time. See Mem. & Order (Dkt. #111); March 15, 2022 Trial Management Order. Only an excessive-force claim against two police officers, relating to the moments after plaintiff's arrest, remains in this case. Mem. & Order 1. The proposed amendment would introduce entirely new claims against new defendants concerning different subject matter. Mot. to Amend (proposing to sue a hospital because its staff may have provided incompetent medical care after plaintiff's arrest). It would require reopening discovery and possibly renewed summary-judgment practice. Since such delay would unduly prejudice the current defendants, the motion is denied.

Plaintiff's September 14, 2022 Motion, filed in advance of the October 19, 2022 trial date, should be denied for all of the same reasons explained by the Court in its April 27, 2022 Order, and beyond that, because the proposed amendment is barred by the statute of limitations.

**II.     Plaintiff's Motion to Amend is Untimely and Does Not Relate Back to An Earlier Pleading.**

Plaintiff alleges that he was subjected to excessive force on July 26, 2017. Thus, the statute of limitations on Plaintiff's claim expired three years later, on July 26, 2020. Wharton v. Cnty. of Nassau, 07 Civ. 2137 (RRM) (ETB), 2010 U.S. Dist. LEXIS 99174, at *28 (E.D.N.Y. Sep. 20, 2010) (for a claim of excessive force, the applicable three year statute of limitations "accrues when the use of force occurred") (citations omitted). For the first time in this five-year litigation, on September 14, 2022, plaintiff sought to amend his complaint to add two John Doe officers and excessive force claims to this action, which were never previously mentioned in his Complaint or sought during the course of discovery in this matter. Accordingly, the claims against the unidentified officers are time-barred as they are requested over two years and 2 months after the statute of limitations has expired. As plaintiff failed to name any John Does in his Complaint, this should be the end of the Court's analysis and plaintiff's motion should be denied on these grounds alone. However, even if the Court were to consider whether the amendment relates back to the original pleading, plaintiff's motion would fail under that analysis as well for the reasons set forth below.

Pursuant to Rule 15(c), an amendment relates back to the original pleading when: "(A) the law that provides the applicable statute of limitations allows relation back"; "(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"; or "(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1). "It is the plaintiff's burden to establish that an amended claim relates back to the date of the original complaint." Nollah v. New York City, 17 CV 634 (JPO), 2018 U.S. Dist. LEXIS 166103, at *5 (S.D.N.Y. Sep. 27, 2018) (internal citations and quotations omitted).

As outlined below, plaintiff's proposed amendments adding two new John Doe officers and excessive force claims do not relate back under any law.

**A.     Federal Rule of Civil Procedure 15(c)(1)(A) Does Not Permit Plaintiff to Relate Back.**

As stated above, Rule 15(c)(1)(A) of the Federal Rules of Civil Procedure permits relation back when the law that provides the applicable statute of limitations allows relation back. There are two New York statutes that apply in this context – N.Y. C.P.L.R. § 203 and § 1024. See Hogan v. Fisher, 471 F.3d 509, 518 (2d Cir. 2013); Strada v. City of New York, 11-CV-5735 (MKB), 2014 U.S. Dist. LEXIS 94687, *20 (E.D.N.Y. 2014). Section 1024 concerns amendments to identify a John Doe defendant and § 203 regards a plaintiff's claim against any new defendant.

3

### 1.   Plaintiff Cannot Amend to add two John Doe Officers because Plaintiff Cannot Meet the Requirements of §§ 1024.

"To take advantage of § 1024, a party must meet two requirements." Hogan, 738 F.3d at 519. "First, the party must exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name." Id. (internal quotation marks and citations omitted). "Second, the party must describe the John Doe party in such form as will fairly appraise the party [he] is the intended defendant." Id. (internal quotation marks and citations omitted). Additionally, pursuant to C.P.LR. § 306-b, the newly added party must be served within 120 days of the filing of the original complaint. See Sherrard v. City of New York, 2016 U.S. Dist. LEXIS 51044, *13 (S.D.N.Y. 2016) ("A plaintiff who takes advantage of C.P.L.R. § 1024 must serve the defendant within one hundred twenty days after commencement of the action") (internal quotation marks and citation omitted); Bumpus v. New York City Transit Auth., 66 A.D.3d 26, 30 (2d Dept. 2009) (explaining the relationship between § 1024 and the 120 day service requirement of § 306-b).

Here, plaintiff did not exercise due diligence in pursuing discovery regarding the identity of the alleged new officers prior to the statute of limitations expiring. Of note, plaintiff misrepresents facts when he states that because he is pro se, he "'was not aware that he needed to list individuals in the caption of his complaint, nor that he needed to make certain allegations against municipal defendants.'" (Pl. Mot., pg. 3.) To the contrary, plaintiff attempted to amend his Complaint to add Jamaica Hospital, and in doing so, he clearly demonstrated his understanding of the necessity to move the Court to add new intended defendants to his federal action. (See Civil Dkt. No. 121 filed on April 25, 2022). Plaintiff, with this knowledge, could have moved to amend his complaint at any point within the statute of limitations period, yet failed to do so.

Moreover, Plaintiff cannot invoke § 1024 because he cannot serve the newly-named John Doe defendants within 120 days of filing the original complaint, as required by C.P.L.R. § 306-b. See Sherrard, 2016 U.S. Dist. LEXIS at *13; Bumpus, 66 A.D.3d at 30. The original Complaint was filed on September 19, 2017. (Civil Dkt. No. 2.) plaintiff did not seek to amend the pleadings until more than five years later. Accordingly, plaintiff cannot serve the newly added John Doe defendants within 120 days of September 19, 2017, and cannot claim the protections of § 1024.

Plaintiff's proposed amendment would introduce entirely new claims against new unidentified defendants concerning different subject matter that allegedly occurred at the hospital. (See Civil Dkt. No. 144). Plaintiff's motion to amend would undoubtably require the reopening of discovery and possibly a renewed summary-judgment practice; and such a delay would unduly prejudice the current defendants.

### III.   Conclusion

Accordingly, the Court should deny Plaintiff's Motion for leave to amend the Complaint for the same reasons it denied his April request to amend to add Jamaica Hospital as a defendant in this matter.  Moreover, the statute of limitations has expired, plaintiff failed to name

any John Doe defendants in his Complaint; and even if he had, the amendment to add these unidentified officers as defendants does not relate back to the original Complaint. The requested amendment would cause undue delay and prejudice the defendants at this late stage. Consequently, the plaintiff's request to adjourn the October 19, 2022 trial in this matter to allow for the addition of the two John Doe defendants should also be denied.

                                                                           Respectfully submitted,

                                                                                 /s/
                                                          Morgan C. McKinney, Esq.
                                                          *Senior Counsel*
                                                          Special Federal Litigation Division

CC:    VIA ECF
           Mitchell A. Karlan, Esq.
           *Attorney for Plaintiff*