**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Mitchell A. Karlan
Direct: 212.351.3827
Fax: 212.351.5254
MKarlan@gibsondunn.com

September 26, 2022

VIA ECEF

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Joel Burnett v. Daniel Gasperetti, et al.*, 17-CV-05870 (RPK)(LB*)*

Dear Judge Kovner:

In accordance with Your Honor's September 23, 2022 Order, I respectfully submit this letter in support of plaintiff Joel Burnett's request to re-open discovery for the limited purpose of deposing defendants Daniel Gasperetti and Anthony Arlistico.

Pursuant to FRCP 16(b)(4), discovery may be reopened "for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4); *Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir. 1991) (applying a good cause standard in considering plaintiffs' motion to reopen discovery). Courts apply the following six-part test to analyze a request to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Spencer v. Int'l Shoppes*, 2011 WL 3625582, at *1–2 (E.D.N.Y. Aug. 16, 2011) (citations omitted).

Although defendants oppose Mr. Burnett's request, the remaining five factors, especially given the leeway granted by courts to *pro se* litigants, all weigh in favor of granting Mr. Burnett's request to re-open discovery for the limited purpose of deposing defendants.

*First*, while trial is scheduled to start on October 19th, allowing plaintiff to depose the two named defendants would not require adjourning the trial date and would instead make the proceedings more efficient. Currently, despite the upcoming trial date, Mr. Burnett has been able to conduct little, if any, fact discovery. In fact, the only fact gathering that has occurred has been obtaining police and medical records of the July 26, 2017 incident and deposing Mr. Burnett. Mr. Burnett, however, has not had an opportunity to obtain the defendants' first-hand account of their actions

The Honorable Rachel P. Kovner
September 26, 2022
Page 2

and motives during and after the July 26, 2017 incident. The lack of offensive discovery makes it difficult for Mr. Burnett to present his case fully and fairly at trial. Mr. Burnett would therefore work with defendants to schedule these depositions immediately. In addition, allowing Mr. Burnett to depose Mr. Gasperetti and Mr. Arlistico would make trial more efficient by narrowing the cross-examination of each defendant.

*Second*, while defendants oppose Mr. Burnett's request to depose Mr. Gasperetti and Mr. Arlistico, defendants would not be prejudiced because conducting the deposition would not require delaying the trial. Moreover, with trial set to occur within four weeks, defendants have presumably been preparing to testify at trial as to the events underlying Mr. Burnett's claim. Accordingly, defendants cannot argue that these depositions require meaningfully different preparation than that which they have already commenced with their counsel as part of trial preparation.

*Third*, Mr. Burnett has been diligent in obtaining discovery within the guidelines established by this court, but Mr. Burnett is *pro se*. Defendants have already had two opportunities to depose Mr. Burnett, on June 29, 2020 and July 14, 2020. But Mr. Burnett was not aware of the full slate of discovery mechanisms available to him until he obtained counsel. Although he was deposed, and therefore presumably aware that litigants *could be* deposed, he did not have the means to conduct depositions of either defendant.

*Fourth*, Mr. Burnett does not foresee the need for additional discovery at this time. Re-opening discovery would be for the limited purpose of conducting depositions of the named defendants. Again, we agreed to represent Mr. Burnett at least in part based on the understanding that we would be able to conduct depositions of the defendants. Depositions serve a "vital role in the preparation for trial" and allow both parties to "obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

*Fifth*, allowing Mr. Burnett the opportunity to depose the named defendants would lead to highly relevant evidence. Mr. Burnett's excessive force claim turns on Mr. Gasperetti and Mr. Arlistico's actions following Mr. Burnett's arrest. There is no bodycam footage. There are no other witnesses before other officers arrived. There is only Mr. Burnett's account of the incident, and the two officers' account. Although Mr. Burnett has given testimony in this case setting forth his account of the events underlying his claim, the record lacks any such testimony from Mr. Gasperetti and Mr. Arlistico. Again, the lack of statements on the record by either defendant will prolong the examinations at trial of both defendants, undermine Mr. Burnett's ability to evaluate and prosecute his case, and bog down the trial, which is currently scheduled for three days.

Courts in this jurisdiction have granted limited motions to re-open discovery in circumstances similar to these. For example, in *Jacobs v. New York City Department of Education*, 2015 WL 7568642, at *5 (E.D.N.Y. Nov. 24, 2015), the court found that there was good cause to re-open discovery for the purposes of deposing four fact witnesses whose identity the plaintiff had previously known. The court granted the motion on the basis that plaintiff obtained new counsel and that "this limited discovery will generate evidence relevant, and arguably necessary, to

**GIBSON DUNN**

The Honorable Rachel P. Kovner
September 26, 2022
Page 3

Plaintiff's ability to prove her claims." *Id.* In *Jacobs*, the plaintiff had the benefit of counsel during the period in which discovery was open and yet the court *still* found that plaintiff demonstrated good cause to re-open discovery "despite the delay in seeking to reopen discovery and the potential for some prejudice to Defendant." *Id.* The court also took into account the fact that plaintiff was "diligent" in pursuing her claims as "[o]nly a month after obtaining new counsel, Plaintiff moved to reopen discovery." *Id.*

The facts here present even greater reason to re-open discovery for the purpose of deposing the named defendants. Indeed, Mr. Burnett has only had the benefit of counsel since September 9, 2022. Once represented with counsel, he diligently served deposition notices upon defendants promptly on September 12, 2022. Once it became clear that defendants opposed Mr. Burnett's notices of deposition, we moved promptly to clarify this issue with Your Honor.

Unlike the plaintiff in *Jacobs* who had the benefit of counsel during the discovery period, Mr. Burnett was *pro se* for five years. I respectfully ask that Your Honor afford Mr. Burnett "extra leeway in meeting the procedural rules governing litigation," given that he was a *pro se* litigant up until recently. *Espada v. Guardian Serv. Indus.*, 2019 WL 5309963, at *8 (E.D.N.Y. Oct. 18, 2019) (quoting *In re Sims*, 534 F.3d 90, 96 (2d Cir. 1993)) (quotations removed). Specifically, as *pro se* litigants are given "leeway . . . with respect to discovery rules," it would be highly prejudicial to Mr. Burnett if his *pro se* status during the discovery period impaired his ability to fully and fairly litigate his case. *Redd v. N.Y. State Div. of Parole*, 923 F. Supp. 2d 393, 407 (E.D.N.Y. 2013). It is in the interest of justice that courts "make some effort to protect" a *pro se* litigant from "waiving a right . . . because of his or her lack of legal knowledge," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993), and "courts should not allow a *pro se* litigant's rights to be 'impaired by harsh application of technical rules.'" *In re Sims*, 534 F.3d at 133 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Further, allowing Mr. Burnett to depose defendants would generate evidence that is relevant and necessary to his ability to prove his claims. The most important witnesses to what happened on July 26, 2017 are Mr. Burnett himself and the named defendants. Granting Mr. Burnett the opportunity to depose Mr. Gaspretti and Mr. Arlistico would be in the interest of justice by simply giving him an equal opportunity to make his case with the benefit of counsel now, as defendants have had since the beginning of this action.

For the reasons stated above, we respectfully ask that Your Honor consider granting Mr. Burnett's request to re-open discovery for the limited purpose of deposing defendants.

Respectfully,

   */s/ Mitchell A. Karlan*
Mitchell A. Karlan

cc: All counsel of record (via CM/ECF)