

**T**HE **C**ITY OF **N**EW **Y**ORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

MORGAN C. MCKINNEY
*Senior Counsel*
Phone: (212) 356-2012
Fax: (212) 356-3558
Email: mmckinne@law.nyc.gov

September 26, 2022

**BY ECF**
Honorable Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    <u>Joel Burnett a.k.a. Kyle Freistat v. Detective Gasperetti, et al.</u>,
              17 CV 05870 (RPK) (LB)

Your Honor:

       I am the Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants Detective Gasperetti and Officer Arlistico in the above-referenced matter. Defendants write pursuant to the Court's September 23, 2022 Order to oppose the re-opening of discovery in this matter to allow plaintiff to depose defendants Gasperetti and Arlistico. As the Court is aware, trial is scheduled to commence in three weeks. To date, plaintiff has not moved the Court to reopen discovery. Regardless, such a request would be untimely and would prejudice defendants.

### I.    Relevant Procedural Background

       Over five years ago, on September 19, 2017, plaintiff filed his Complaint in this matter. (Civil Dkt. No. 2). Plaintiff named two individual defendants in his Complaint: Detective Daniel Gasperetti and Officer Anthony Arlistico. (<u>See</u> <u>Id.</u> at p. 3). Discovery closed on March 20, 2020, over two years ago (with the exception of a limited extension to depose plaintiff due to scheduling issues). (<u>See</u> Civil Dkt. No. 79, Court Order dated February 6, 2020). At no time before plaintiff's September 22nd letter to the Court (Civil Dkt. No. 149), filed on the eve of trial, and which did not even seek to re-open discovery, did plaintiff raise the issue of deposing the defendants.

       On September 6, 2022 plaintiff's counsel filed their notices of appearance on the docket. (Civil Dkt. Nos. 140-142). On September 9, 2022 plaintiff's counsel, by email, noticed the depositions of defendants Gasperetti and Arlistico. Rather than file a motion to reopen discovery

in an effort to obtain a Court Order to depose the defendants, as would be required in advance of these depositions, plaintiff instead filed a motion to amend the complaint to add two new defendants in this matter. This letter did not mention plaintiff's intent to depose the two existing defendants, and this letter was denied by the Court as untimely and prejudicial. On September 15, 2022 the undersigned conferred with plaintiff's counsel by telephone and informed them that defendants would not appear for depositions absent a Court Order. <u>Once again</u>, despite being on notice of defendants' objections, plaintiff failed to move the Court to reopen discovery to seek these depositions.

## II. <u>Plaintiff Has Failed To Show Good Cause To Re-Open Discovery To Depose Defendants Gasperetti and Arlistico.</u>

Where a scheduling order has been entered by the Court, FED. R. CIV. P. 16(b) provides that a discovery schedule shall not be modified except upon a showing of good cause. See <u>Pratt v. City Mission Society, Inc.</u>, No. 97 CV 0515E(H), 1999 WL 222568, at *1 (S.D.N.Y. Apr. 12, 1999) (declining to extend discovery for lack of good cause shown). "It is the movant's burden to establish good cause to amend the scheduling order." <u>Baburam v. Fed. Express Corp.</u>, 318 F.R.D. 5, 7-8 (E.D.N.Y. 2016) (citing <u>Parker v. Columbia Pictures Indus.</u>, 204 F.3d 326, 340 (2d Cir. 2000)). To demonstrate good cause, the party seeking a modification must show that the relevant deadline could not reasonably be met despite that party's diligence under the existing scheduling order. See <u>Holmes v. Grubman</u>, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotations and citations omitted); <u>Baburam</u>, 318 F.R.D. at 8 (citing <u>Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.</u>, 769 F.2d 919, 927 (2d Cir. 1985) (upholding denial of further discovery where the party "had ample time in which to pursue the discovery that it now claims is essential")).

Here, even if plaintiff were to move to re-open discovery to depose defendants Gasperetti and Arlistico, which he has not, it would be untimely. The March 20, 2020 discovery deadline has long since passed. (<u>See</u> Civil Dkt. No. 79, Court Order dated February 6, 2020). Plaintiff had every opportunity to seek the depositions of defendants or, at the very least, produce written deposition questions for defendants to respond to during the course of discovery, but he failed to do so. Instead, on September 22, 2022, just three weeks before the commencement of trial, and despite having notice of defendants' objections since September 15, 2022, plaintiff's counsel filed a letter on the civil docket (Civil Dkt. No. 149) simply asking for guidance from the Court on their ability to depose defendants on the eve of trial. Plaintiff's counsel wrote, "I had understood from Magistrate Judge Bloom when I agreed to appear as counsel that I would be permitted to depose each defendant." (<u>Id.</u>) Defendants and their counsel were not aware of nor privy to these alleged conversations between plaintiff's counsel and Magistrate Judge Bloom, but to be certain, there is no such order on the Civil Docket sheet re-opening discovery for the purpose of deposing the defendants, or for any other matter.

Furthermore, the scheduling and participation in these two depositions will require considerable time and preparation on the part of defendants and their counsel and will significantly interfere with their preparation for the October 19, 2022 trial in this matter.[1] Given

---

[1] Defendants further note that in addition to preparing for trial, defendants anticipate that during this time they will also be required to file oppositions to plaintiff's revised motions *in limine*

- 2 -

plaintiff's full and fair opportunity to question the defendants throughout discovery, plaintiff has not only failed to formally move the court but has also failed to demonstrate any good cause to re-open discovery to depose the defendants just three weeks before the commencement of trial.

### III. Conclusion

Plaintiff cannot show good cause to re-open discovery for the purpose of deposing defendants at this late stage in the proceedings, and any such request would prejudice defendants as they are preparing for trial in this matter. Therefore, such a request should be denied. To the extent the Court is inclined to grant plaintiff's request, these two depositions should be limited to <u>90 minutes each</u> and the Court should order the parties to endeavor to conduct the two depositions on the same day, if possible, for the convenience of the two defendants and defendants' counsel, so that the trial can proceed as scheduled on October 19, 2022.

Defendants thank the Court for its time and consideration in this matter.

Respectfully submitted,

*Morgan C. McKinney, Esq.*
Morgan C. McKinney, Esq.

Senior Counsel

CC:   <u>VIA ECF</u>
      Mitchell A. Karlan, Esq.
      *Attorney for Plaintiff*

---

which are due to the Court September 30, 2022 (<u>See</u> Civil Dkt., Court Order dated September 21, 2022).