**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
JOEL BURNETT, *a/k/a Kyle Freistat (DIN: 19:A-1353)*,

        Plaintiff,

        v.

DANIEL GASPERETTI, ET AL.,

        Defendants.

------------------------------------------------------------x

No. 17 CV 05870 (RRM) (LB)

**PLAINTIFF'S OMNIBUS MOTIONS IN LIMINE**

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTIONS *IN LIMINE***

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................... 1

II. ARGUMENT ........................................................................................................................ 2

    1.   THE COURT SHOULD EXCLUDE IRRELEVANT AND MISLEADING EVIDENCE RELATING TO DEFENDANTS' INJURIES AND ANY TESTIMONY OF MEDICAL DIAGNOSES RELATED TO INJURIES BEYOND A LAYPERSON'S UNDERSTANDING. ................................................................................................... 2

    2.   THE COURT SHOULD ALLOW MR. BURNETT TO QUESTION DEFENDANTS REGARDING NYPD POLICIES AND PROCEDURES AND VIOLATIONS THEREOF. ... 4

    3.   IRRELEVANT ASPECTS OF MR. BURNETT'S MEDICAL RECORDS SHOULD BE EXCLUDED FROM EVIDENCE. ............................................................................... 6

    4.   DEFENDANTS SHOULD BE PRECLUDED FROM AFFIRMATIVELY INTRODUCING EVIDENCE OF ANY ALLEGED "BAD ACTS" BY MR. BURNETT BECAUSE SUCH EVIDENCE IS IRRELEVANT, PREJUDICIAL, AND CANNOT BE USED TO SHOW MR. BURNETT'S CHARACTER. ............................................................ 7

    5.   TO ENSURE A FAIR TRIAL, MR. BURNETT'S APPEARANCE BEFORE THE JURY SHOULD RESEMBLE ANY OTHER PLAINTIFF'S. ............................................................ 8

    6.   DEFENDANTS SHOULD BE PRECLUDED FROM USING EVIDENCE OF MR. BURNETT'S ALLEGED BAD ACTS FOR IMPEACHMENT PURPOSES. .......................... 9

    7.   THE COURT SHOULD ALLOW THE INTRODUCTION OF DEFENDANTS' PRIOR DISCIPLINARY HISTORY OR DEFER RULING ON THE EXCLUSION OF SUCH EVIDENCE. ............................................................................................................ 11

    8.   DEFENDANTS SHOULD BE PRECLUDED FROM TESTIFYING AS TO THEIR PERSONAL FINANCIAL CONDITION. ................................................................. 12

    9.   CONSISTENT WITH THE COURT'S SEPTEMBER 29, 2021 ORDER, THE COURT SHOULD PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE OF EVENTS THAT OCCURRED BEFORE MR. BURNETT WAS HANDCUFFED. .............................. 13

III. CONCLUSION ................................................................................................................... 14

## TABLE OF AUTHORITIES

**CASES**

*Bermudez v. City of New York*,
   2019 WL 136633 (E.D.N.Y. Jan. 8, 2019) ................................................................................5

*Brown v. City of New York*,
   798 F.3d 94 (2d Cir. 2015)........................................................................................................5

*Collado v. City of New York*,
   2017 WL 4533772 (S.D.N.Y. Sept. 27, 2017)...........................................................................5

*Davidson v. Riley*,
   44 F.3d 1118 (2d Cir. 1995).......................................................................................................8

*Djangmah v. Falcone*,
   2013 WL 6388364 (S.D.N.Y. Dec. 5, 2013) .............................................................................4

*Estelle v. Williams*,
   425 U.S. 501 (1976)...................................................................................................................8

*Frails v. City of New York*,
   236 F.R.D. 116 (E.D.N.Y. 2006) ............................................................................................11

*Graham v. Connor*,
   490 U.S. 386 (1989)...................................................................................................................2

*Gyasi v. City of New York*,
   No. 05 Civ. 9453 (SAS) (S.D.N.Y.) ........................................................................................12

*Ismail v. Cohen*,
   899 F.2d 183 (2d Cir. 1990).....................................................................................................11

*Jean-Laurent v. Hennessy*,
   840 F. Supp. 2d 529 (E.D.N.Y. 2011) ..........................................................................9, 10, 12

*Jimenez v. City of Chicago*,
   732 F.3d 710 (7th Cir. 2013) .....................................................................................................5

*Jones v. Treubig*,
   963 F.3d 214 (2d Cir. 2020).....................................................................................................13

*Kemezy v. Peters*,
   79 F.3d 33 (7th Cir. 1996) .......................................................................................................13

*Kingsley v. Hendrickson*,
   576 U.S. 389 (2015)...................................................................................................................7

*Kokoska v. City of Hartford*,
  2014 WL 4724879 (D. Conn. Sept. 23, 2014)...................................................................4

*Ludwig v. Anderson*,
  54 F.3d 465 (8th Cir. 1995) ...............................................................................................5

*Moakely v. P.O. Jane Velarde*,
  2002 WL 287848 (S.D.N.Y. Feb. 27, 2002).......................................................................7

*Nnodimele v. Derienzo*,
  2016 WL 3561708 (E.D.N.Y. June 27, 2016) ....................................................................5

*Old Chief v. United States*,
  519 U.S. 172 (1997)............................................................................................................3

*Ruffin v. Rana*,
  2013 WL 4834368 (S.D.N.Y. Sept. 4, 2013)......................................................................4

*Stephen v. Hanley*,
  2009 WL 1471180 (E.D.N.Y. May 21, 2009) ..................................................................11

*Sullivan v. Gagnier*,
  225 F.3d 161 (2d Cir. 2000)..............................................................................................13

*Tennessee v. Garner*,
  471 U.S. 1 (1985)................................................................................................................5

*Tracy v. Freshwater*,
  623 F.3d 90 (2d Cir. 2010)................................................................................................13

*United States v. Awadallah*,
  436 F.3d 125 (2d Cir. 2006)................................................................................................3

*United States v. Levin*,
  2016 WL 299031 (S.D.N.Y. Jan. 25, 2016) .......................................................................3

*United States v. Puco*,
  453 F.2d 539 (2d Cir. 1971).......................................................................................8, 10

*Walls v. City of New York*,
  502 F. Supp. 3d 686 (E.D.N.Y. 2020) ..............................................................................11

*Woolfolk v. Baldofsky*,
  2022 WL 2600132 (E.D.N.Y. July 8, 2022).....................................................................12

**OTHER AUTHORITIES**

https://www1.nyc.gov/site/ccrb/policy/MOS-
  records.page?_sm_au_=iHV3sPTM6M8qTkNNFcVTvKQkcK8MG ....................................12

**RULES**

Fed. R. Evid. 402 .........................................................................................................2, 3, 6

Fed. R. Evid. 403 .............................................................................................2, 3, 6, 7, 8, 12

Fed. R. Evid. 802 ....................................................................................................................3

Fed. R. Evid. 803 ................................................................................................................3, 4

Fed. R. Evid. 401 .....................................................................................................................7

Fed. R. Evid. 404 .................................................................................................................8, 11

Fed. R. Evid. 607 ....................................................................................................................11

Fed. R. Evid. 608 ............................................................................................................9, 10, 11

# I. INTRODUCTION

Pursuant to this Court's September 21, 2022 Order, Plaintiff's previously filed motions *in limine* (MIL) (Dkt. No. 133) were declared moot and Plaintiff's request to re-file amended MIL (Dkt. No. 147) was granted. Plaintiff Joel Burnett submits this memorandum of law in support of the following MIL:

(1) The Court Should Exclude Irrelevant and Misleading Evidence Relating to Defendants' Injuries and Any Testimony of Medical Diagnoses Related to Injuries Beyond a Layperson's Understanding.

(2) The Court Should Allow Mr. Burnett to Question Defendants Regarding NYPD Policies and Procedures and Violations Thereof.

(3) Irrelevant Aspects of Mr. Burnett's Medical Records Should be Excluded From Evidence.

(4) Defendants Should be Precluded from Affirmatively Introducing Evidence of Any Alleged "Bad Acts" by Mr. Burnett Because Such Evidence is Irrelevant, Prejudicial, and Cannot be Used to Show Mr. Burnett's Character.

(5) To Ensure a Fair Trial, Mr. Burnett's Appearance Before the Jury Should Resemble Any Other Plaintiff's.

(6) Defendants Should be Precluded from Using Evidence of Mr. Burnett's Alleged Bad Acts for Impeachment Purposes.

(7) The Court Should Allow the Introduction of Defendants' Prior Disciplinary History or Defer Ruling on the Exclusion of Such Evidence.

(8) Defendants Should be Precluded from Testifying as to their Personal Financial Condition.

(9) Consistent with the Court's September 29, 2021 Order, the Court Should Preclude Defendants From Introducing Evidence of Events that Occurred Before Mr. Burnett was Handcuffed.

1

# II. ARGUMENT

1. **THE COURT SHOULD EXCLUDE IRRELEVANT AND MISLEADING EVIDENCE RELATING TO DEFENDANTS' INJURIES AND ANY TESTIMONY OF MEDICAL DIAGNOSES RELATED TO INJURIES BEYOND A LAYPERSON'S UNDERSTANDING.**

Defendants propose to introduce a series of exhibits relating to their medical conditions (Dkt. No. 122). The following proposed exhibits should be excluded for all purposes other than impeachment on the basis that they are irrelevant, cumulative, misleading, and highly prejudicial to Mr. Burnett:

1. Defendants' Exhibit D: Defendant Gasperetti Jamaica Hospital Medical Record, bearing Bates Stamp Nos. D1406-D1453.

2. Defendants' Exhibit E: Defendant Gasperetti North Shore University Hospital Medical Record, bearing Bates Stamp Nos. D1480-D1559.

3. Defendants' Exhibit F: Photographs of Defendant Gasperetti's Injuries, bearing Bates Stamp Nos. D316-D321, D325, D326, and D328-331.

*First*, as a general matter, these exhibits do not make any disputed fact in consequence more or less likely, as they all reflect supposed injuries which occurred before Mr. Burnett's arrest. Defendant Gasperetti does not have a claim for damages in this action. The relevant issue to be tried, as narrowed by this Court's Summary Judgment Order (Dkt. No. 111), is whether Defendants used excessive force on Mr. Burnett *post-arrest*. Specifically, the question for the trier of fact is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Medical records and/or photographs of injuries sustained by Defendants *before* the arrest are not relevant in assessing the issue of whether Defendants' use of force against

2

Mr. Burnett was "objectively reasonable" and should therefore be excluded. *See* Fed. R. Evid. 402; Fed. R. Evid. 403.

At a minimum, the portions of Defendant Gasperetti's medical records that refer to an emergency-room visit on August 17, 2017, for chest pain for which he was discharged the same day (Bates Stamp Nos. D1480-D1559) should be redacted. The incident that will be the subject of trial occurred on July 26, 2017. Any pain or inconvenience that Defendant Gasperetti may have experienced nearly a month after the incident is irrelevant to the issue of whether he used excessive force on Mr. Burnett following his arrest. Moreover, these August 17, 2017, medical records would only confuse and mislead the jury, and they could unfairly prejudice Mr. Burnett by inducing the jury to feel sympathy toward Defendants for reasons having nothing to do with Mr. Burnett's claims. *See* Fed. R. Evid. 402, 403, 802; *United States v. Levin*, 2016 WL 299031, at *6 (S.D.N.Y. Jan. 25, 2016) ("Evidence that has a high likelihood of inappropriately eliciting sympathy from the jury on a matter having no bearing on the merits is properly excludable . . . .").

*Second*, photographs of Defendant Gasperetti's injuries (Bates Stamp Nos. D316-D321, D325, D326, and D328-331) should be excluded for the separate reason that they are irrelevant and likely to confuse or mislead the jury. Rule 403 mandates a balancing test whereby this Court must determine whether the probative value of the evidence is substantially outweighed by the risk of unfair prejudice. Fed. R. Evid. 403. Under that test, cumulative evidence must be excluded. *See, e.g., United States v. Awadallah*, 436 F.3d 125, 132 (2d Cir. 2006) ("[the] Rule 403 'probative value' of an item of evidence . . . may be calculated by comparing evidentiary alternatives." (quoting *Old Chief v. United States*, 519 U.S. 172, 184 (1997))). Further, these photographs may contain bruises or contusions that Officer Gasperetti received prior to July 26, 2017, potentially

3

causing jury confusion. Accordingly, the above-referenced photographs depicting Defendant Gasperetti's alleged injuries must be excluded.

To the extent the Court believes Defendants' pre-arrest injuries themselves are relevant to Mr. Burnett's claims regarding Defendants' post-arrest use of force, the proper way to introduce those injuries into evidence is through carefully circumscribed testimony by Officer Gasperetti and Officer Arlistico, not through voluminous and confusing medical records that are packed with irrelevant material and hearsay, including statements from Gasperetti's treating physicians and statements from Gasperetti to them, that do not fall within any exception. *See* Fed. R. Evid. 803(4); *Kokoska v. City of Hartford*, 2014 WL 4724879, at *2 (D. Conn. Sept. 23, 2014); *see also Djangmah v. Falcone*, 2013 WL 6388364, at *5 (S.D.N.Y. Dec. 5, 2013) (proponent of evidence must lay necessary foundation to show that Rule 803(4) is satisfied); *Ruffin v. Rana*, 2013 WL 4834368, at *10 (S.D.N.Y. Sept. 4, 2013) (witness's testimony about absent physician's diagnosis is hearsay). Allowing the medical records would cause unfair prejudice, confuse the issues, and mislead the jury. To the extent that Gasperetti testifies about his injuries, he must also be precluded from introducing hearsay statements by treating physicians about the injuries' purported cause.

### 2. THE COURT SHOULD ALLOW MR. BURNETT TO QUESTION DEFENDANTS REGARDING NYPD POLICIES AND PROCEDURES AND VIOLATIONS THEREOF.

As explained above, Mr. Burnett's claims in this case turn on whether the post-arrest force used by Defendants Gasperetti and Arlistico was reasonable. Courts have long found police use-of-force guidelines, such as the NYPD Patrol Guide, relevant in determining whether an instance of force was reasonable. In *Lombardo v. City of St. Louis*, for example, the Supreme Court explained that guidance given to police officers may be pertinent to the inquiry about "the

4

relationship between the need for the use of force and the amount of force used" and to what extent any threat perceived by the officers was reasonable. 141 S. Ct. 2239, 2241 (2021); *see also Tennessee v. Garner*, 471 U.S. 1, 18-19 (1985) (using internal police guidance from multiple departments to determine that fact issues existed as to the constitutionality of police use of force); *Brown v. City of New York*, 798 F.3d 94, 101 (2d Cir. 2015) (using NYPD internal police guidance as part of a determination of constitutionality of police use of force); *Ludwig v. Anderson*, 54 F.3d 465, 472 (8th Cir. 1995) (explaining that police department guidelines "are relevant to the analysis of constitutionally excessive force").

As in *Lombardo*, the fact inquiry in this case depends on whether Defendants' actions were reasonable "in light of the facts and circumstances confronting them" at the time. *Lombardo*, 141 S. Ct. at 2241. And as were the local guidelines in *Lombardo,* here, NYPD guidelines about use of force can provide useful context as to whether a particular use of force is reasonable or excessive. For this reason, courts routinely allow questioning relating to relevant portions of the NYPD Patrol Guide. *See Bermudez v. City of New York*, 2019 WL 136633, at *5 (E.D.N.Y. Jan. 8, 2019) (denying defendant's motion to exclude the Patrol Guide and noting that several courts in the Second Circuit have agreed that police procedural guides are "relevant and helpful to determining the reasonableness of an officer's conduct"); *see also Nnodimele v. Derienzo*, 2016 WL 3561708, at *14 (E.D.N.Y. June 27, 2016) (permitting plaintiff to introduce evidence concerning the Patrol Guide at trial because "in constitutional tort cases, expert testimony regarding sound professional standards governing a defendant's actions can be relevant and helpful" (quoting *Jimenez v. City of Chicago*, 732 F.3d 710, 721 (7th Cir. 2013))); *Collado v. City of New York*, 2017 WL 4533772, at *3 (S.D.N.Y. Sept. 27, 2017) ("[T]he Patrol Guide is relevant . . . as evidence of lesser degrees of force [the officer] could have used" and it is relevant "in determining

5

how a reasonable officer might comport himself under the circumstances"). This Court should permit the same here.

### 3.     IRRELEVANT ASPECTS OF MR. BURNETT'S MEDICAL RECORDS SHOULD BE EXCLUDED FROM EVIDENCE.

Although Mr. Burnett and Defendants seek to introduce portions of Mr. Burnett's medical records, both from his July 26, 2017 treatment at Jamaica Hospital (Bates Stamp Nos. D183-D231) and his New York City Health and Hospitals Medical Record (Bates Stamp Nos. D48-D104), Mr. Burnett asks this Court to allow him to use redacted versions of the documents at trial. For example, these medical records contain Mr. Burnett's date of birth, results of STD testing, and Mr. Burnett's Prisoner Form. Mr. Burnett's STD testing and Prisoner Form are not relevant to Mr. Burnett's injuries resulting from the incident and are highly prejudicial. *See* Fed. R. Evid. 402; Fed. R. Evid. 403. Absent a particularized showing of relevance by Defendants, they should be redacted.[1]

Mr. Burnett should be allowed to redact personally identifying information from the medical records in accordance with Federal Rule of Civil Procedure 5.2 to show only information relevant to Mr. Burnett's injuries resulting from the incident.

---

[1] Plaintiff will provide unredacted and proposed redacted copies of these records to the Court and opposing counsel.

4. **DEFENDANTS SHOULD BE PRECLUDED FROM AFFIRMATIVELY INTRODUCING EVIDENCE OF ANY ALLEGED "BAD ACTS" BY MR. BURNETT BECAUSE SUCH EVIDENCE IS IRRELEVANT, PREJUDICIAL, AND CANNOT BE USED TO SHOW MR. BURNETT'S CHARACTER.**

Mr. Burnett expects that Defendants will attempt to affirmatively introduce evidence of alleged "bad acts" by Mr. Burnett that have no relation to this lawsuit. At present, Mr. Burnett expects that this will include evidence of (1) his prior criminal history; (2) his alleged gang affiliation; (3) his alleged drug use; and (4) the alleged presence of contraband in his car at the time of his arrest. Counsel is still reviewing the record in the case (which it only received on September 20, just days before the Court permitted Plaintiff to file amended motions *in limine*) and is concerned that Defendants may try to affirmatively introduce other alleged "bad acts" evidence that has not yet been reviewed. The Court should exclude this evidence for multiple reasons.

*First*, the Court should exclude the evidence under Rule 401 because it is irrelevant. To determine whether police officers used excessive force against a victim, the jury must consider what the officer knew at the time," not what the officer knew "with the 20/20 vision of hindsight." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Moakely v. P.O. Jane Velarde*, 2002 WL 287848, at *3 (S.D.N.Y. Feb. 27, 2002) ("In evaluating whether the officers had probable cause, the Court considers the facts available to them at the time of arrest."). Defendants were not aware of any of the above information at the time they arrested and subsequently used excessive force against Mr. Burnett. Accordingly, none of this information is relevant to the evaluation of whether Defendants' use of force against Mr. Burnett was reasonable, and it should be excluded.

*Second*, even if this evidence were relevant—which it is not—it should still be excluded under Rule 403 because whatever minimal relevance the evidence may have is substantially outweighed by its likelihood to be unfairly prejudicial to Mr. Burnett. By raising Mr. Burnett's

7

criminal history, alleged gang affiliation, alleged drug use, or the alleged presence of contraband in Mr. Burnett's car, Defendants would simply be trying to inflame the jury's passions against Mr. Burnett and to suggest that Mr. Burnett is a "bad man" who deserved the injuries Defendants caused him. *See United States v. Puco*, 453 F.2d 539, 542 (2d Cir. 1971) ("Reference to a [party's] criminal record is always highly prejudicial."). That is an improper use of evidence under Rule 403, and this evidence should be excluded accordingly.

*Third*, this evidence should also be excluded under Rule 404(b) because it is evidence of purported other "crime[s], wrong[s], or act[s]" Defendants would offer to prove Mr. Burnett's "character in order to show that on a particular occasion [Mr. Burnett] acted in accordance with [his] character." That is not allowed under the Federal Rules of Evidence. Defendants cannot raise a litany of alleged bad acts Mr. Burnett may have engaged in in the past to suggest that Mr. Burnett was acting similarly at the time Defendants arrested him and violated his constitutional rights. Accordingly, the Court should prevent Defendants from introducing this evidence for this additional reason.

5. **TO ENSURE A FAIR TRIAL, MR. BURNETT'S APPEARANCE BEFORE THE JURY SHOULD RESEMBLE ANY OTHER PLAINTIFF'S.**

"In civil as well as criminal cases, the right to a fair trial is fundamental. . . . In either type of case, the court must be alert to avoid practices that may undermine the fairness of the factfinding process." *Davidson v. Riley*, 44 F.3d 1118, 1122 (2d Cir. 1995). Forcing a party to appear before a jury in prison clothes violates his due process right to a fair trial. *See Estelle v. Williams*, 425 U.S. 501, 512-13 (1976). So does keeping a party in restraints, unless the court finds after a hearing that such restraints are absolutely necessary. *See Davidson*, 44 F.3d at 1124-25.

8

Mr. Burnett is presently incarcerated. There is no reason to believe he poses any escape risk or security risk. The Court should therefore allow him to appear before the jury in appropriate civilian attire, without handcuffs or other restraints, and without the overly conspicuous involvement of law enforcement whose presence might undermine the fairness of the trial by creating the misleading impression that Mr. Burnett is a threat. To the extent that Mr. Burnett needs to be escorted in and out of the courtroom or to and from the witness stand, the Court should ensure that it happens outside the presence of the jury. Counsel for Defendants stated in writing on September 30, 2022 that they "did not intend to oppose Mr. Burnett from appearing in plainclothes and unhandcuffed at trial," though they would "defer to the Court and Court Marshalls should any potential safety or security concerns arise."

**6.    DEFENDANTS SHOULD BE PRECLUDED FROM USING EVIDENCE OF MR. BURNETT'S ALLEGED BAD ACTS FOR IMPEACHMENT PURPOSES.**

Under Rule 608(a), evidence of prior convictions cannot be offered to attack a witness's character for truthfulness if (1) it has been more than 10 years since the conviction or the witness was released from confinement and (2) the probative value does not "substantially outweigh[] the prejudicial effect." Mr. Burnett expects that Defendants will attempt to impeach him with evidence of certain criminal charges that Mr. Burnett was convicted of and sentenced to prison for. To the extent Defendants intend to rely on evidence of convictions that are more than 10 years old, they should be barred from offering such evidence because the "probative value" of that evidence does not "substantially outweigh[] the prejudicial effect." "[I]n balancing probative value against prejudicial effect under this rule, courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Jean-*

9

*Laurent v. Hennessy*, 840 F. Supp. 2d 529, 544 (E.D.N.Y. 2011) (citation omitted).  As noted above, evidence of a party's past criminal conduct is "always highly prejudicial." *See Puco*, 453 F.2d at 541.  Here, none of Mr. Burnett's more-than-a-decade-old prior convictions implicates his character for truthfulness, and therefore none has any "impeachment value."  While there is no similarity between Mr. Burnett's past convictions and the conduct at issue in this case, allowing evidence of his past convictions would nonetheless cause him unfair prejudice by suggesting that he is a generally bad person.  Thus, the Court should preclude Defendants from attempting to use Mr. Burnett's past convictions to impeach him.

Additionally, under Rule 608(b), "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."  The Court should foreclose Defendants from attempting to offer evidence of Mr. Burnett's alleged bad acts, including alleged gang affiliation, drug use, or possession of contraband at the time he was arrested, to attack Mr. Burnett's character for truthfulness. Defendants should also be prevented from offering evidence of the crimes for which Mr. Burnett is currently incarcerated for that purpose as those crimes, too, are completely unrelated to Mr. Burnett's character for truthfulness.  Because these prior acts have no bearing on Mr. Burnett's trustworthiness, Defendants should be precluded from using them to impeach him.

7. **THE COURT SHOULD ALLOW THE INTRODUCTION OF DEFENDANTS' PRIOR DISCIPLINARY HISTORY OR DEFER RULING ON THE EXCLUSION OF SUCH EVIDENCE.**

According to the New York City Civilian Complaint Review Board, 31 allegations of misconduct (across ten incidents) have been filed against Defendant Gasperetti.[2] Seven of those incidents involved use of force. The incidents occurred both before and after the event at issue in this case. This history may be relevant and admissible substantively at trial. Police-misconduct records are "presumptively relevant." *Walls v. City of New York*, 502 F. Supp. 3d 686, 692 (E.D.N.Y. 2020). Seeking to develop evidence of Defendants' previous misconduct is not just a discovery exercise—trial courts in this District have found that such evidence is admissible under Rule 404(b) as evidence of pattern, intent, or absence of mistake. *See Ismail v. Cohen*, 899 F.2d 183, 188-89 (2d Cir. 1990) (affirming under Fed. R. Evid. 404(b) the admission of evidence that an officer engaged in similar misconduct shortly after engaging in the misconduct at issue); *Frails v. City of New York*, 236 F.R.D. 116, 117 (E.D.N.Y. 2006) (finding that evidence of similar previous misconduct could be introduced at trial to prove intent under 404(b)). Prior disciplinary history may also be relevant and is admissible for impeachment purposes at trial. *Walls*, 502 F. Supp. 3d at 692 ("Such police personnel records are also presumptively relevant and discoverable for potential use under Rules 607 and 608(b) of the Federal Rules of Evidence."); *see also Stephen v. Hanley*, 2009 WL 1471180, at *14 (E.D.N.Y. May 21, 2009) (finding misconduct history admissible substantively to demonstrate "pattern of relevant conduct," and for impeachment purposes if officers deny having been involved in misconduct similar to that at issue in the suit).

11

Even if the Court is not yet willing to deem evidence of Gasperetti's prior incidents of misconduct admissible, the Court should at least defer ruling on the admissibility of that evidence until trial. Mr. Burnett has not yet had a chance to fully develop evidence of Defendants' disciplinary history. And because the Court has ordered discovery re-opened for the purpose of deposing Defendants, *see* Docket Order (Unnumbered), Sept. 26, 2022, Mr. Burnett may yet learn new information related to Defendants' disciplinary histories. For this reason, the Court should defer ruling on whether Defendants' disciplinary histories should be excluded (see Dkt. No. 126, Defendants' MIL 2) until trial. *See Woolfolk v. Baldofsky*, 2022 WL 2600132, at *1 (E.D.N.Y. July 8, 2022) ("[C]ourts considering a motion in limine may reserve decision until trial, so that the motion is placed in the appropriate factual context") (quoting *Jean-Laurent v. Hennessy*, 840 F. Supp. 529, 536 (E.D.N.Y. 2011)) (cleaned up).

## 8. DEFENDANTS SHOULD BE PRECLUDED FROM TESTIFYING AS TO THEIR PERSONAL FINANCIAL CONDITION.

Defendants should be precluded under Federal Rule of Evidence 403 from suggesting or implying in any way that individual Defendants will have to pay any judgment in this case. Defendants should not be permitted to introduce evidence of their financial circumstances because the City will indemnify them for any punitive damages awarded.[3] Individual Defendants "should not be allowed to plead poverty if his employer or an insurance company is going to pick up the tab."

---

[2] https://www1.nyc.gov/site/ccrb/policy/MOS-records.page?_sm_au_=iHV3sPTM6M8qTkNNFcVTvKQkcK8MG

[3] In the context of the NYPD, in sworn interrogatory responses in *Gyasi v. City of New York*, No. 05 Civ. 9453 (SAS) (S.D.N.Y.), the City swore that "there are no cases" in which the City Law Department "has represented a NYPD police officer and punitive damages have been assessed against the officer, and the City of New York has failed to indemnify the officer for punitive damages" and "there are no cases" where the City has failed to indemnify a police officer represented by the City Law Department for compensatory damages. Ex. F, Interrogatory Response No. 5; *see also id.* at Interrogatory No.7.

12

*Kemezy v. Peters*, 79 F.3d 33, 37 (7th Cir. 1996) (Posner, J.). Accordingly, the jury should not be influenced by misplaced sympathy or the mistaken belief that the individual Defendants will pay any damages out of their own pockets. Counsel for Defendants confirmed in writing on September 30, 2022 that they "do not intend to introduce evidence or arguments regarding [Defendants'] financial condition."

9. **CONSISTENT WITH THE COURT'S SEPTEMBER 29, 2021 ORDER, THE COURT SHOULD PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE OF EVENTS THAT OCCURRED BEFORE MR. BURNETT WAS HANDCUFFED.**

Defendants sought, and this court granted, summary judgment as to Mr. Burnett's claims regarding Defendants' use of force before they handcuffed Mr. Burnett. Dkt. No. 111. In its partial summary judgment grant, the Court divided the disputed events into those that occurred "before he was handcuffed," *id.* at 7-11, and those that occurred after, *id.* at 11-14. The Court cites *Tracy v. Freshwater*, 623 F.3d 90, 95-99 (2d Cir. 2010), to support the proposition that excessive-force analyses may be performed "in sequential portions of [an] encounter." Accordingly, by the Court's order, the dispute before the Court in this trial concerns only the events that occurred after Mr. Burnett's arrest. Any events that occurred before his arrest are irrelevant.

Evidence of the pre-arrest interaction cannot support Defendants' claims about their use of force after they subdued Mr. Burnett. "A significant degree of force . . . should not be used lightly or gratuitously against an arrestee who is complying with police commands or otherwise poses no immediate threat to the arresting officer." *Tracy*, 623 F.3d at 98. And officers may not use excessive force against a subdued arrestee *even if the arrestee initially resisted. Jones v. Treubig*, 963 F.3d 214, 237-38 (2d Cir. 2020) (citing *Sullivan v. Gagnier*, 225 F.3d 161, 165-66 (2d Cir. 2000)) (an arrestee's resisting does not give an officer "license to use force without limit"). Here,

13

by the time Mr. Burnett was handcuffed, he was on the ground on his stomach and no longer an immediate threat to either officer.  Because Mr. Burnett's pre-arrest behavior cannot excuse Defendants' post-arrest use of force, any evidence of the parties' interaction before Mr. Burnett's arrest would be far more prejudicial than probative.  Defendants have received the benefit of summary judgment as to all pre-arrest events, and they should not be permitted to taint the proceedings on Mr. Burnett's post-arrest use-of-force claim by introducing evidence of those events.

## III. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court grants his motion in its entirety, together with such other and further relief as the Court deems just.

Dated:      New York, New York
            September 30, 2022

                                        GIBSON, DUNN & CRUTCHER LLP

                                        By: /s/ *Mitchell A. Karlan*
                                            Mitchell A. Karlan
                                            Anne Champion
                                            Jialin Yang
                                            200 Park Avenue
                                            New York, NY 10166
                                            Tel. (212) 351-4000

                                            *Attorneys for Plaintiff*

cc: All counsel of record (via CM/ECF)