UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOEL BURNETT a.k.a. KYLE FREISTAT,

                                Plaintiff,

        -against-

DANIEL GASPERETTI and ANTHONY ARLISTICO,

                                Defendants.

**MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFF'S MOTIONS *IN LIMINE***

17-CV-05870 (RPK)(LB)

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

This matter is scheduled for trial on plaintiff Joel Burnett a.k.a. Kyle Freistat's claim for excessive force against defendants Daniel Gasperetti and Anthony Arlistico.[1] On September 30, 2022, plaintiff filed his revised motions *in limine* on the Civil Docket (No. 155). The vast majority of plaintiff's motions *in limine* center around the preclusion of plaintiff's egregious actions, and the consequences thereof, leading up to plaintiff's arrest and placement in handcuffs, which should be denied. It is undisputed in this case that plaintiff fled from the police in a high-speed vehicle, hit several cars in a residential area while doing so, crashed the vehicle causing Gasperetti to fracture his right knee and sustain other serious injuries, and then continued to run on foot in an attempt to flee the scene before tripping and falling to the ground. Defendants should be permitted to discuss and submit evidence related to plaintiff's actions, as well as the injuries defendants' sustained as a result, prior to plaintiff being placed in handcuffs. Defendants deny punching or striking plaintiff in any manner after plaintiff was placed in

---

[1] Remaining for trial are plaintiff's excessive force claim against Daniel Gasperetti and Anthony Arlistico, which is limited to plaintiff's allegations that Gasperetti struck him with closed-fist punches and Arlistico struck him with a police-issued radio, all after plaintiff was placed in handcuffs. (See Court's Memorandum and Order, ECF No. 111, filed September 29, 2021).

handcuffs; and therefore, defendants would be severely prejudiced if they were not permitted to discuss their physical and emotional condition at the time of the arrest as well as the causation of plaintiff's alleged injuries. Indeed, plaintiff's injuries were caused by plaintiff's own culpable conduct of driving and crashing the vehicle at a high rate of speed and further falling to the ground when fleeing the scene on foot. Defendants should also be permitted to discuss plaintiff's prior criminal convictions as a proper form of impeachment. Defendants further contend that plaintiff should not be permitted to discuss defendants' disciplinary histories, as that would be an improper use of character evidence; nor should plaintiff be permitted to discuss the NYPD Patrol Guide as it is not the proper standard and is irrelevant to the determination of whether plaintiff's constitutional rights were violated. Finally, as was previously expressed to plaintiff's counsel, defendants do not oppose plaintiff wearing civilian clothing to court; and do not intend to discuss their financial condition at trial. For the reasons stated herein, plaintiff's motions *in limine* should be denied.

## ARGUMENT

### POINT I

### EVIDENCE OF DEFENDANTS' MEDICAL TREATMENT FOLLOWING THE INCIDENT IS ADMISSIBLE

Plaintiff's motion to preclude defendants from offering evidence related to their medical treatment following the incident should be denied. Defendants deny punching or striking plaintiff in any manner after he was placed in handcuffs. Evidence of defendants' medical treatment, including defendants' testimony and medical records documenting the physical injuries that they both sustained as a result of the incident, are relevant to a jury's excessive force analysis when determining each of the defendant's physical capabilities after plaintiff was placed in handcuffs. It is undisputed in this case that immediately prior to plaintiff being handcuffed,

plaintiff dragged Gasperetti from a fast-moving vehicle and crashed, which resulted in Gasperetti being thrown from the vehicle, causing him to sustain serious physical injuries. (See Civil Docket No. 102, McKinney Decl., Exhibit "C," Plaintiff's Deposition, at pp. 158:19-25 through 159:1-5). Specifically, Gasperetti was diagnosed to have a fractured right knee cap, ruptured patella tendon, and serious chest contusion, along with other injuries, including severe pain limiting the range of motion in his knee. (See Civil Docket. No 102, McKinney Decl., Exh. "H," Gasperetti Jamaica Meds., D1406- 1453; see also McKinney Decl., Exh. "J," Gasperetti North Shore Meds., D1480-D1554). This evidence is relevant to an excessive force analysis in this case, particularly as a jury may consider Gasperetti's serious physical condition at the time of the incident when making a determination as to whether Gasperetti was physically capable of allegedly assaulting plaintiff in the manner described by plaintiff. Furthermore, the undisputed fact that Gasperetti was involved in a high-speed car crash is also relevant to his ability to recall moments immediately following the impact, which includes the handcuffing of plaintiff. Certainly, defendants will need to explain their own physical and mental condition at the time of the incident and will be prejudiced from describing their own actions, during their interaction with plaintiff, without being able to do so. Finally, defendants' testimony and medical records related to their injuries following the crash are not confusing or prejudicial to plaintiff and the probative value of these medical records would certainly outweigh any potential prejudice under an FRE 403 analysis. Therefore, plaintiff's motion should be denied.

## POINT II

### PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING THE NEW YORK CITY POLICE DEPARTMENT PATROL GUIDE OR OFFERING EVIDENCE REGARDING NYPD PROCEDURES

Plaintiff should be precluded from referring to and offering any evidence of NYPD procedure or patrol guide provisions. Alleged violations of NYPD procedure by the defendants are irrelevant to the determination of whether plaintiff's constitutional rights were violated. This is especially true in this case where there is no evidence in the record to establish that defendants violated NYPD procedure pertaining to their interaction with plaintiff. Thus, any NYPD procedure or patrol guide provision should be precluded pursuant to Fed. R. Evid. 402 and 403.

First, the standards set forth as per NYPD procedure are merely guidelines established by the New York City Police Department, and are not the standards of the United States Constitution. In light of plaintiff's claims that his constitutional rights were violated, any NYPD guidelines, whether or not followed to the letter, are irrelevant to the determination of whether plaintiff's constitutional rights were violated. See Smith v. Freland, 954 F.2d 343, 347 (6th Cir. 1992) ("[u]nder § 1983, the issue is whether [the officer] violated the Constitution, not whether he should be disciplined by the local police force. A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983"); Romero v. County of Lake, 60 F.3d 702, 705 (10th Cir. 1995) ("violations of state law and police procedure generally do not give rise to a 1983 claim"); see also Galapo v. City of New York, 95 N.Y.2d 568, 574-75 (N.Y. 2000) (NYPD Patrol Guide should be excluded from evidence because it does not create legal duties). Since NYPD

procedure does not create legal duties, it is irrelevant to the determination of whether plaintiff's constitutional rights were violated and should therefore be precluded under Fed. R. Evid. 402.

Second, any reference to alleged "violations" of NYPD procedure, meaning that defendants did not follow the exact guidelines, would only confuse the jury. The jury will be called upon to determine whether the defendants violated plaintiff's constitutional rights, which is to be evaluated by the jury under a separate standard. If the jury is presented with the proffered portions of NYPD procedure, it is likely to wrongly assume that NYPD procedure sets out the standard by which they are to evaluate defendants' alleged unconstitutional actions, notwithstanding a contrary instruction from the Court. It is certainly in the realm of possibility that an officer could follow NYPD procedure and still violate an individual's constitutional rights or not follow NYPD procedure and not violate an individual's rights.

Plaintiff should not be permitted to introduce or elicit testimony on any patrol guide provision at trial. Accordingly, the Patrol Guide, as well as testimony regarding NYPD procedure, should be precluded pursuant to Fed. R. Evid. 402 and 403.

## POINT III

### PLAINTIFF'S PROPOSED REDACTIONS TO PORTIONS OF HIS MEDICAL RECORD

On September 27, 2022 counsel for the parties engaged in a telephone conference call where plaintiff's intended motions *in limine* were discussed. During the call, plaintiff's counsel were unable to provide any specifics as to what information they were referring to when requesting the redaction of "irrelevant comments on plaintiff's medical records." Therefore, the undersigned indicated that without further information, including specific pages and proposed redline redactions from plaintiff, defendants could not provide a response. Defendants, generally, do not oppose the redaction of plaintiff's date of birth or social security number from

his medical records; however to date, have not received plaintiff's proposed redline redactions and reserve their final position upon receipt and thorough review.

### POINT IV

**PLAINTIFF'S MOTION TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OF HIS PRIOR "BAD ACTS" INCLUDING PRIOR CONVICTIONS SHOULD BE DENIED**

Plaintiff's motion to preclude defendants from offering evidence of his prior "bad acts" including his convictions should be denied. First, plaintiff has the following eight criminal convictions, which defendants should be permitted to discuss at trial:

1) On March 14 of 2019, related to the underlying July 26, 2017 incident in the instant civil matter, plaintiff pled guilty to NYPL §120.10 04, Assault in the First Degree, Class B Felony; and NYPL §205.30, Resisting Arrest, Class A Misdemeanor. (See Civil Docket. No. 102, McKinney Decl., Exhibit "D," Supreme Court of New York, March 14 and 18, 2019 Plea Transcripts, D153-D176. See also, McKinney Decl., Exhibit "E," Certificate of Disposition).

2) On March 18, 2019, also related to the instant civil matter, plaintiff pled guilty to NYPL §190.79 Sub 03, Identify Theft in the Second Degree, Assume Another's Identity-Commit or Attempt a Felony, Class E Felony. ( Id.).

3) On November 27, 2017 plaintiff plead guilty to NYPL §120.00 Sub 1, Assault in the Third Degree, With Intent to Cause Physical Injury, Class A Misdemeanor.

4) On March 14, 2016 plaintiff pled guilty to NYPL §240.20, Disorderly Conduct, Violation.

5) On February 23, 2015 plaintiff pled guilty to NYPL §120.00 Sub 01, Assault in the Third Degree, With Intent to Cause Physical Injury, Class A Misdemeanor.

6) On March 13, 2013 plaintiff pled guilty to NYPL §120.20, Reckless Endangerment in the Second Degree, Class A Misdemeanor.

7) On April 28, 2008 plaintiff pled guilty to NYPL §260.10 Sub 01, Act In Manner to Injure Child Less Than 17, Class A Misdemeanor; and

8) On November 7, 2005 plaintiff pled guilty to NYPL §120.25, Reckless Endangerment in the First Degree, Class D Felony.

Defendants should be permitted to discuss and offer evidence related to all of plaintiff's guilty pleas related to the underlying July 26, 2017 incident in the instant matter. Plaintiff's March 18, 2019 guilty plea to NY PL 190.79 Sub 03, Identify Theft in the Second Degree, Assume Another's Identity-Commit or Attempt a Felony, Class E Felony, is a crime that is directly related to plaintiff's veracity pursuant to FRE 609, and is therefore admissible. Second, plaintiff's guilty plea to NYPL 120.10 04, Assault in the First Degree, is admissible pursuant to FRE 609 as it is a class B felony. Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully. See United States v. Estrada, 430 F.3d 606, 617 (2d Cir. 2005) (citation omitted). Finally, defendants should be permitted to address any one of the aforementioned convictions related to the underlying July 26, 2017 incident, including resisting arrest, as impeachment to the extent plaintiff testifies to facts that contradict his guilt for these crimes.

Furthermore, under FRE 609(a)(1)(A), plaintiff's felony conviction for Reckless Endangerment in the First Degree is admissible. That rule states:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> (A) must be admitted, subject to Rule 403, in a civil case . . .
> F.R.E. 609(a)(1)(A).

Because this is a civil case, this prior felony conviction must be admitted subject to Rule 403. In applying the FRE 403 balancing test, courts examine: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness. See United States v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977).

Here, the balance weighs in favor of admission of plaintiff's additional Reckless Endangerment conviction. The conviction is for a felony and is a serious offense. Thus, the impeachment value is high. Additionally as plaintiff does not dispute that he utilized deadly force against the defendants during the July 26, 2017 incident in the instant matter, the mention of plaintiff's additional felony conviction would not substantially prejudice the plaintiff. Additionally, the only evidence plaintiff has in this case is his own testimony, and thus his credibility is of the utmost importance. The jury should be aware of his prior felonies in assessing his credibility.  Thus, under these circumstances Rule 403 allows the admission of this conviction.

Furthermore, defendants contend that they should be permitted to utilize all of plaintiff's eight criminal convictions as impeachment material to the extent they are necessary to impeach any of plaintiff's testimony at trial regarding his arrest history or his experience or prior interactions with law enforcement. Defendants' further reasons for introducing evidence of plaintiff's misdemeanor convictions is that it bears directly on his alleged emotional damages. As a result of these misdemeanor convictions, plaintiff was arrested and taken into custody on four separate occasions.  Defendants respectfully submit that this evidence is admissible to mitigate or controvert plaintiff's claims of emotional and psychological injuries, including but not limited to

any alleged fear of police officers or loss of sleep as result of his July 26, 2017 arrest in this matter.

Finally, plaintiff's motion to preclude defendants from eliciting or offering evidence regarding his gang affiliation, drug use, as well as any weapons or contraband recovered from his person and the vehicle he was operating should be denied. The circumstances surrounding plaintiff's arrest are relevant and probative in this matter as they go directly to the officers' and plaintiff's states of mind and motivations during the interaction following his arrest. Therefore, the probative value of eliciting such evidence far outweighs any prejudicial effect pursuant to FRE 403 and plaintiff's motion should be denied.

## POINT V

## PLAINTIFF'S APPEARANCE AT TRIAL

Defendants have previously expressed to plaintiff's counsel during a telephone conference on September 27, 2022 and again in writing on September 30, 2022, that defendants do not oppose plaintiff attending the trial in a suit or other civilian clothing; and respectfully defer to the Court and United States Marshal service when assessing safety and security risks required for handling plaintiff as an incarcerated inmate during the pendency of the October 19, 2022 trial in this matter.

## POINT VI

**PLAINTIFF'S MOTION TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OF HIS PRIOR "BAD ACTS" INCLUDING PRIOR CONVICTIONS AS IMPEACHMENT MATERIAL SHOULD BE DENIED**

Defendants respectfully refer plaintiff and the Court to their opposition to Point IV supra.

POINT VII

**PLAINTIFF SHOULD BE PRECLUDED FROM ELICITING EVIDENCE OF OFFICERS' DISCIPLINARY HISTORIES OR PRIOR/SUBSEQUENT ALLEGATIONS OF MISCONDUCT AND LAWSUITS**

Plaintiff should be precluded from inquiring about any disciplinary histories, and/or civil rights actions which have been filed against the defendant officer, or other witness officers, because such questioning is in direct conflict with Federal Rule of Evidence 404(b). Rule 404(b) states that evidence of past acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" is prohibited. Evidence of past acts is only admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake." Fed. R. Evid. 404(b). Such evidence is not automatically admissible simply because the proponent has articulated some not-for-character purpose.

As the Supreme Court held in Huddleston v. United States, 485 U.S. 681, 688 (1988), the decision to admit evidence under Rule 404(b) also depends on "whether the danger of unfair prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Thus, Rule 404(b) requires a two-part analysis: first, whether the proposed evidence fits within one of the "exceptions" provided by the Rule; and second, even if it does, a balancing test under Rule 403, of whether the evidence's probative value is substantially outweighed by the potential for jury confusion or prejudice. See Berkovich v. Hicks, 922 F.2d 1018 (2d Cir. 1991) (upholding the exclusion at trial of all references to the defendant officers' history of prior civilian complaints pursuant to Fed. R. Evid. 404(b) and 403); Djangmah v. Falcione, 2013 U.S.

Dist. LEXIS 172324, at *31 (S.D.N.Y. Dec. 5, 2013) (in an excessive force case, precluding plaintiff from cross-examining defendant regarding a prior episode involving the use of deadly force).

Here, inquiry into disciplinary histories or other allegations of misconduct could not be used to establish any of the 404(b) exceptions because the City of New York was never named or served as a defendant in this matter. Further, the potential for jury confusion and unfair prejudice substantially outweighs any probative value of such evidence. Applying these factors, evidence of disciplinary histories and other allegations of misconduct should be precluded.

Plaintiff should also be precluded from inquiring about any officer's involvement in prior or subsequent lawsuits. Courts in this Circuit have found that the probative value of introducing prior lawsuits is outweighed by the prejudicial effect such evidence could have and its potential to confuse the jury. Richmond v. General Nutrition Ctrs., Inc., No. 08-CV-3577 (PAE) (HBO), 2012 U.S. Dist. LEXIS 32070, at *31 (S.D.N.Y. Mar. 9, 2012) (precluding the introduction of evidence of lawsuits against defendant because "the risk of unfair prejudice and confusion from introducing documents reflecting allegations in other cases clearly outweighs the probative value of such claims."); see also Figueroa v. Boston Sci. Corp., No. 00-CV-7922 (DC), 2003 U.S. Dist. LEXIS 10936, at *11 (S.D.N.Y. June 25, 2003) (finding that the probative value of introducing evidence of other lawsuits is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, and considerations of undue delay and waste of time.")

Further, documentary evidence of prior lawsuits against any officer constitutes inadmissible hearsay under Rule 802. A prior lawsuit or complaint contains mere allegations, and is not evidence that the officers did, in fact, commit any of the alleged prior bad acts; the hearsay rule would not allow the contents of a complaint to establish the truth of the matter

asserted. In addition, prior lawsuits fail to satisfy the authentication requirements under Rule 901. For the foregoing reasons, plaintiff should not be permitted to inquire about, or to introduce evidence of prior or subsequent lawsuits brought against any officer.

### POINT VIII

### DEFENDANTS' PERSONAL FINANCIAL CONDITION

Defendants have previously expressed to plaintiff's counsel during a telephone conference on September 27, 2022 and again in writing on September 30, 2022, that defendants do not intend to testify as to their financial condition.

### POINT IV

### PLAINTIFF'S MOTION TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OF EVENTS THAT OCCURRED BEFORE PLAINTIFF WAS HANDCUFFED SHOULD BE DENIED

Plaintiff's motion to preclude defendants from eliciting or offering evidence regarding the circumstances before plaintiff's placement in handcuffs should be denied. The circumstances surrounding plaintiff's arrest, including but not limited to plaintiff dragging Detective Gasperetti from a high speed vehicle, crashing said vehicle, and attempting to flee the scene of the crash by running on foot and subsequently tripping and falling to the ground, are relevant and probative in this matter as they go directly to the officers' and plaintiff's states of mind and motivations during the interaction following his arrest, their physical capabilities at the time of plaintiff's arrest, as well as the causation of plaintiff's alleged injuries. Therefore, the probative value of eliciting such evidence far outweighs any prejudicial effect pursuant to FRE 403 and plaintiff's motion should be denied.

**CONCLUSION**

For the foregoing reasons, defendants Gasperetti and Arlistico respectfully request that the Court deny plaintiff's motions *in limine*, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
October 11, 2022

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendants Gasperetti and Arlistico*
100 Church Street, 3rd Floor
New York, New York 10007
Tel: (212) 356-2012

By: *Morgan C. McKinney, Esq. /s/*

Morgan C. McKinney, Esq.
*Senior Counsel*

cc: **VIA ECF**
Mitchell A. Karlan, Esq.
Anne Champion, Esq.
Jialin Yang, Esq.
*Attorneys for Plaintiff*