UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOEL BURNETT, a/k/a Kyle Freistat,

                                 Plaintiff,                          **JURY CHARGE**

                    v.                                               17-CV-5780 (RPK) (LB)

DANIEL GASPERETTI and ANTHONY
ARLISTICO,

                                           Defendants.
-------------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

Ladies and Gentlemen of the Jury:

Now that the evidence in this case has been presented, and the attorneys for the plaintiff and defendants have finished their closing arguments, it is my responsibility to instruct you as to the law that governs this case.  We are all grateful to you for the close attention you have given to this case thus far.  I ask that you continue to do so as I give you these instructions.

My instructions will be in three parts:

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a civil case.

Second, I will instruct you as to the legal elements of the plaintiff's claims.

Third, I will give you some general rules regarding your deliberations.

You should not single out any instruction as alone stating the law, instead you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would

violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

## I.    A JURY'S DUTY

To begin with, it is your duty to find the facts from all the evidence in this case. You are the sole judges of the facts, and it is therefore for you and you alone to pass upon the weight of the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

It is your job—not mine—to find the facts. I have neither expressed nor attempted to suggest that I have an opinion about how you should decide the facts of this case. You should not consider anything I have said or done in the course of the trial, including these instructions, as an expression of an opinion about the facts or the merits of this case. You should attach no special significance to these questions just because I asked them.

With respect to any question concerning the facts, it is your recollection of the evidence that controls.

My job is to instruct you on the law. You must apply the law to the facts as you find them in accordance with my instructions. While the lawyers may have commented on some of these rules, you must be guided only by what I instruct you about them. You must follow all the rules as I explain them to you. You may not follow some and ignore others; even if you disagree with some of the rules or don't understand the reasons for some of them, you are bound to follow them.

## A.    The Evidence

I will instruct you now about what counts as evidence, and how you should consider it. The evidence you should consider in deciding what the facts are comes in several forms:

(1)    Sworn testimony of witnesses, both on direct and cross-examination, regardless of who called them; and

2

(2)      Exhibits that have been received into evidence by the Court.

Certain things are not evidence and must therefore be disregarded by you in deciding what the facts are.  The following are not evidence:

(1)  Arguments or statements by lawyers;

(2)  Questions put to the witnesses;

(3)  Objections to such questions or to offered exhibits;

(4)  Testimony that has been excluded, stricken, or that you have been instructed to disregard;

(5)  Obviously, anything you may have seen or heard outside the courtroom;

(6)  Anything said in this courtroom except when the witness was testifying on the witness stand; and

(7)  Anything I have said or done, including any questions I asked a witness or rulings I made on the parties' objections.  You should not draw any inferences from these interactions.  They were conducted for the sole purpose of ensuring the orderly and clear presentation of evidence to you, the jury.

**B.      Direct and Circumstantial Evidence**

In deciding whether or not the plaintiff has met his burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.  For example, when a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom has no windows, and you cannot look outside. Then, later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon

3

after, somebody else walked in with a dripping wet raincoat.  Now, on our assumed facts, you cannot look outside of the courtroom, and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun to rain.

In this case, the plaintiff has asked you to draw one set of inferences, while the defendants have asked you to draw another set of inferences, based on the same evidence.  Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.  Please note, however, that it is not a matter of speculation or guesswork: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and you may give them such weight as you conclude is warranted.

**C.    Available Evidence**

Although the plaintiff bears the burden of proof, the law does not require the plaintiff to call as witnesses all persons who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require that all things mentioned during the course of the trial be produced as exhibits.

**D.    Improper Considerations**

Your verdict must be based solely upon the evidence developed at trial, or the lack of such evidence.  It would be improper for you to allow any feelings you might have about the nature of the claims or the parties in this case to influence your decision-making.

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  You should not

4

concern yourselves with, or speculate about, the contents of any discussion among me and the attorneys at the sidebar.  You should not hold it against any attorney that the attorney objected to the admissibility of evidence or asked for a conference out of your hearing.

To repeat, your verdict must be based exclusively upon the evidence, or lack of evidence, as it has been presented in this case.

In determining the issues of fact and rendering a verdict in this case, you should perform your duty with complete impartiality and without bias, sympathy, or prejudice to any party.  You are not to be swayed by sympathy for the parties; whether it will please or displease anyone; be popular or unpopular or, indeed, by any consideration outside the case as it has been presented to you in this courtroom.  In addition, it is improper for you to allow any personal feelings you may have about race, religion, national origin, ethnic background, sex, disability, or age to influence your decision.  All parties are equal before the law and are entitled to the same fair consideration. I know that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## E.    Deciding What to Believe

In deciding what the facts are in this case, you must consider all the evidence that has been offered.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You are the sole judges of the credibility of the witnesses and of the weight to be assigned to their testimony. You may choose to disbelieve all or part of any witness's testimony.  Any assumption that a witness will speak the truth may be counteracted by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, or by other evidence or testimony contrary to that witness's testimony.

You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and other matters in evidence that tend to indicate whether a witness's

testimony is worthy of belief.  Consider each witness's intelligence, motive, state of mind, interest in the prosecution or defense of the case, and his or her demeanor while on the stand.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit their testimony.  Two or more persons witnessing an incident may see or hear it differently, and innocent mis-recollection, such as a failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, consider whether it pertains to a matter of importance or to an unimportant detail, and whether it results from innocent error, on the one hand, or intentional falsehood, on the other.  You may also consider whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

If a witness is shown to have knowingly testified falsely concerning any important matter, you have a right to discredit that witness's testimony in other particulars, and you may reject all the testimony of that witness, or you may assign it such weight as you think it deserves.

In determining the weight to be accorded a witness's testimony, you may consider any demonstrated bias, prejudice, or hostility of that witness.

The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

## F.      Burden of Proof – Preponderance of the Evidence

As a general matter, plaintiff has the burden of proving his claims by a preponderance of the evidence.  That means that unless I expressly instruct otherwise, the plaintiff has the burden of proving each element of each claim by a preponderance of the evidence.  To establish a claim "by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means evidence that, when you consider and

compare it with the evidence opposed to it, convinces you that what is sought to be proved is, more likely than not, true.

A preponderance of the evidence means the greater weight of the evidence. That does not mean the greater number of witnesses, or the greater length of the time taken by either side. This determination is based on the quality and persuasiveness of the evidence—the weight and effect it has in your minds.

In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of which side called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the evidence produced by the party who does not have the burden of proof outweighs the evidence produced by the party who does have the burden, you must find in favor of the party without the burden of proof, and against the party with the burden of proof.

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties—that it is as probable that one side is right as it is that the other side is right— then you must decide that issue against the party having the burden of proof. That is because the party that has the burden of proof must prove the elements at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof only needs to prove its case by a preponderance of the evidence. As long as you find that the scales tip, however slightly, in favor of the party with the burden of proof—that what that party claims is more likely true than not true—then the element will have been proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the standard in a criminal trial. That requirement does not apply to a civil case like this one, and you should put it out of your mind.

**G.      Impeachment by Prior Inconsistent Statements**

You may have heard evidence that, at some earlier time, a witness has said or done something which counsel has argued is inconsistent with the witness's testimony at trial.

If you find that a witness actually made a prior inconsistent statement, you are not to consider that prior statement as affirmative evidence in determining liability.  Evidence of a prior inconsistent statement was offered for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself.  First, you should decide whether there was a prior inconsistent statement.  Then, if you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement, or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**H.      Interested Witnesses**

In evaluating the credibility of witnesses, you should take into account any evidence showing that a witness may benefit in some way from the outcome of the case.  For example, both plaintiff and defendants have an interest in prevailing at trial.  An interest in the outcome may create a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests.  Therefore, if you find that any witness whose testimony you are considering

may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and decide with great care whether to accept it.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would testify truthfully.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

### I.   Multiple Defendants

Before I discuss plaintiff's claim in more detail, I want to note that there are two individual defendants in this case:  Daniel Gasperetti and Anthony Arlistico.  You must consider plaintiff's claims against each defendant separately.  Liability is individual.  As a result, for each of them, you must decide whether plaintiff has shown that the particular defendant used excessive force against him.

### J.   Testimony of Law Enforcement Agents

You have heard the testimony of police officers and other law enforcement witnesses.  The fact that a witness may be a police officer or a member of law enforcement does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  It is for you to decide, after weighing all the evidence and in light of the instructions I have given you about the factors relevant to determining the credibility of any witness, whether to accept the testimony of a law enforcement witness and what weight, if any, you find it deserves.

## II.       SUBSTANTIVE LAW

I will now instruct you as to the law governing the plaintiff's claim.  I will first instruct you about the legal elements of plaintiff's claim, or what plaintiff has to prove.  Then, I will instruct you about the law of damages.

## A.       Section 1983

### 1. Overview

Plaintiff brings a claim for excessive force under a federal civil rights statute.  That statute is Title 42, United States Code, Section 1983.  This law provides a remedy to people who have been deprived of their rights under the United States Constitution.  To establish a claim under Section 1983, the plaintiff must demonstrate two elements by a preponderance of the evidence.

First Element: Deprivation of Constitutional Right

The first element is that the defendant's conduct deprived plaintiff of a constitutional right.

To determine whether plaintiff has established this element, you must first determine whether the defendant committed the acts or omissions alleged by plaintiff.  The law imposes liability on a defendant only if he subjects, or causes to be subjected, any person to the deprivation of a federal right.  Plaintiff must also show that the defendant's acts or omissions caused plaintiff to suffer the loss of a constitutional right.  I will provide more detail about the constitutional right that plaintiff alleges defendants violated in this case in a moment.

Second Element: Proximate Cause

The other element plaintiff must prove is that the defendant's conduct was a proximate cause of plaintiff's injury and damage.  An act is a proximate cause of an injury or damage if it was a substantial factor in bringing about this injury, and if the injury was a reasonably foreseeable consequence of the defendant's acts.

10

A proximate cause need not always be the nearest cause either in time or in location.  In addition, the law recognizes that there may be more than one proximate cause of an injury.  Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.

Now I want to provide you with some additional instructions about the deprivation of a constitutional right that plaintiff is alleging here.  As I mentioned, plaintiff is claiming that Gasperetti and Arlistico deprived him of his constitutional rights through the use of excessive force.

### 2. Deprivation of Constitutional Right through Excessive Force

The Fourth Amendment protects individuals from excessive force.  In this case, plaintiff claims that he was subjected to excessive force by both defendants after he was handcuffed.

The parties here dispute what happened.  Accordingly, you must first determine for each defendant accused of using excessive force whether plaintiff has proven, by a preponderance of the evidence, that the defendant used force against plaintiff after he was handcuffed.  If your answer is no, then your deliberations are over for that defendant, and you must bring back a verdict for that defendant on the excessive-force claim.

If you find that a defendant did use force against plaintiff after he was handcuffed, then you must decide whether the amount of force that that defendant used was objectively reasonable in light of the facts and circumstances confronting that defendant.  To make that decision, you must determine the degree of force that a reasonable and prudent police officer would have applied under the circumstances shown from the evidence received in this case.  The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than from the perspective of hindsight.  And you must allow for the fact that police officers are often forced to make split-second judgments in tense, uncertain, and rapidly-evolving

circumstances about the amount of force that is necessary in a particular circumstance. In determining whether a defendant officer used excessive force, you may consider factors such as: the nature and severity of the crime at issue, whether the suspect posed an immediate threat to the safety of officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight.

This reasonableness inquiry is an objective one. The question is whether a defendant officer's actions are objectively reasonable in light of the facts and circumstances confronting that defendant, without regard to that defendant's underlying intent or motivation. That means that allegations about an officer's bad intentions will not make the use of objectively reasonable force unconstitutional. Similarly, an officer's good intentions will not make the use of objectively unreasonable force constitutional. In other words, plaintiff need not prove that a defendant intended to violate his rights.

As a general matter, whether or not the force used was unreasonable is a question to be answered by you in light of all of the evidence, as described above. However, I further instruct you that it would be an unreasonable use of force for an officer to punch or strike with a police radio an individual who was restrained in handcuffs. Therefore, if you find that a defendant in this case used force in that way, after plaintiff was restrained in handcuffs, you should find that the defendant in question used force that was excessive.

### 3. Other Claims Not at Issue

I've now instructed you about plaintiff's claim in this case—that defendants used excessive force against him after he was handcuffed. Let me briefly mention some matters that are *not* at issue in this case. The lawfulness of plaintiff's arrest is not at issue in this case. Neither is the amount of force that defendants used against plaintiff before he was handcuffed. You should not consider the lawfulness of plaintiff's arrest or the amount of force defendants used before

12

handcuffing plaintiff in deciding whether any force used against plaintiff after he was handcuffed was excessive.

## III.      Damages

If you conclude that plaintiff has met his burden of proving liability, then you must determine the damages, if any, to which he is entitled.  You should not infer that plaintiff is entitled to recover damages merely because I am instructing you on how to calculate damages.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that they are warranted.

### A.      Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, that a plaintiff has suffered as a result of a defendant's actions. The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You should not award compensatory damages for speculative injuries, but only for those injuries that plaintiff has actually suffered.  It is plaintiff's burden to prove the amount of damages and to prove that the damages were caused by the defendant's actions.

In awarding damages, if you decide to award them, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

In this case, plaintiff seeks to recover "compensatory damages" as well as punitive damages, which I will tell you about in a moment.  A plaintiff who prevails is entitled to

compensatory damages for any physical injury, pain and suffering, emotional distress, fear, personal humiliation, indignation, and expenses (past and future) that are proximately caused by the defendant's misconduct.

Some of the compensatory damages that plaintiff seeks are for past and future pain, suffering, and emotional distress.  Pain and suffering include physical and emotional pain and lost enjoyment of the pleasurable activities of life.  Those kinds of damages are not easily given a dollar value and there is no precise formula for measuring them.  Therefore, the amount of damages, if any, that you award for pain and suffering or emotional distress should be fair and reasonable in light of all the evidence in the case.

In sum, if you find that a defendant deprived plaintiff of his rights and that plaintiff suffered injury as a result of that violation, you must award compensatory damages in an amount that is fair and reasonable.

### B.    Nominal Damages

Alternatively, if you find, after considering all the evidence presented, that defendant violated plaintiff's rights, but that plaintiff suffered no injury as a result of that violation, you must award plaintiff "nominal damages" of one dollar.  Nominal damages are awarded as recognition that plaintiff's rights have been violated but that plaintiff has not suffered any compensable damages.

You must also award nominal damages if, upon finding that some injury resulted from the deprivation of plaintiff's rights, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.  You may not, however, award both nominal and compensatory damages to plaintiff; either he experienced actual damages, in which case you must award compensatory damages, or else he did not, in which case you may award nominal damages. Nominal damages may be awarded for only a token sum, not to exceed one dollar.

14

C. **Punitive Damages**

Whether or not you award plaintiff compensatory damages for his claims, you may award punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant, and others like him, from committing such acts in the future.

You may award plaintiff punitive damages only if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. Plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to plaintiff's rights.

Therefore, if you find by a preponderance of the evidence that defendant acted with malicious intent to violate plaintiff's rights or unlawfully injure him, or if you find that defendant acted with a callous or reckless disregard of plaintiff's rights, then you may award punitive damages. An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

If you decide to award punitive damages, then you should consider the reprehensibility of the defendant's conduct in assessing damages. The reprehensibility of defendant's conduct includes, but is not limited to, whether there was cover-up, insult, or intended or reckless injury, and whether defendant's conduct was motivated by bias, prejudice, or by a desire to obtain some type of benefit or profit.

Finally, if you decide to award punitive damages, the damages you award should be reasonable and should be proportionate only to the need to punish and deter.

### D.  Attorneys' Fees

Federal law provides for an award of attorneys' fees to a plaintiff when he prevails in a civil rights action. The award of attorneys' fees is a matter to be determined by the Court. Accordingly, if you award any damages to plaintiff, including nominal damages, you should not take into consideration the fees that plaintiff may have to pay his attorneys.

## IV.  CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved by a preponderance of the evidence.  In a few minutes you will retire to the jury room for your deliberations.  I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you.  Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.

### A.  Foreperson

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson. The custom in this courthouse is for Juror No. 1 to act as the foreperson.  However, if, when you begin deliberations, you decide that you want to elect another foreperson, you are entitled to do so.  The foreperson will be responsible for signing all communications to the Court and for handing them to the Deputy Marshal during your deliberations, but, of course, his or her vote is entitled to no greater weight than that of any other juror.

16

**B.     Communication with the Court**

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching on this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with me, you may send a note, through the Deputy Marshal, signed by your foreperson.  No member of the jury should attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing or orally here in open court.

**C.     Juror's Recollection Governs and Requests for Trial Testimony**

Your recollection governs.  Nobody else's.  If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself in doubt concerning my instructions to you on the law, you may request that a witness's testimony, or portions thereof, be sent back to you in the jury room or read back to you.  Again, you may make such a request by a note to the Deputy Marshal.  I suggest, however, that you be specific to avoid receiving testimony that you do not want or need.  Describe as best and precisely as you can what you want to hear and be patient because it sometimes takes a while to find the testimony in the record.

**D.     Deliberations and Unanimous Verdict**

Your duty is to reach a fair conclusion from the law and the evidence.  It is an important one.  When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves.  It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and conscience.  While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you

must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong.  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

The decision you reach must be unanimous; you must all agree.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict.  Do not indicate what the verdict is.  In *no* communication with the Court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the dispute between the parties is, for them, no passing matter.  They and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.  By so doing, you carry out to the fullest your oaths as jurors to well and truly try the issues of this case and render a true verdict.

**E.      Verdict Forms**

Once you have reached your verdict, you will record your decision on a verdict sheet that I have prepared for you.  You should proceed through the questions in the order in which they are listed.  The foreperson should complete the verdict sheet, date it, and sign it.  The foreperson should then give a note to the marshal outside your door stating that you have reached a verdict.  Do not specify what the verdict is in your note.  The foreperson should keep the verdict sheet until I ask for it.  You must all be in agreement with the verdict that is announced in court.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further about which you need to be charged.

Dated:  October 24, 2022

Brooklyn, New York